EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-Appel-
lant,

v.

KECO INDUSTRIES, INC.,
Defendant-Appellee.

No. 77–3498.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 3, 1979.

Decided March 20, 1980.

Rehearing Denied April 18, 1980.

Ismael Alvarez, E. E. O. C., Chicago, Ill.,
William H. Ng, E. E. O. C., Washington, D.
C., for plaintiff-appellant.

John J. Getgey, Jr., White, Getgey &
Meyer Co., L. P. A., Cincinnati, Ohio, for
defendant-appellee.

Before ENGEL and KENNEDY, Circuit
Judges, and PECK, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit
Judge.

The Equal Employment Opportunity
Commission (EEOC) appeals from the Dis-

trict Court's grant of summary judgment to the defendant Keco Industries, Inc. (Keco). This Court, upon review of the entire record, finds that there are issues of material fact in dispute and remands the case to the District Court for further proceedings.

Mrs. Lena Grimes, an employee of Keco, filed a charge with the EEOC on July 22, 1970, alleging sex discrimination in that, although she was promoted to the position of buyer, she never received the same pay as the male buyers. Investigative interviews were conducted in February 1971 and the Regional Director made findings of fact in April 1971. A Determination of Probable Cause was made May 1, 1974. Mrs. Grimes was notified of her right to sue July 9, 1974 and filed suit December 6, 1974. On September 22, 1975 the EEOC filed the instant action. Its motion to consolidate the two actions was granted by the District Court.

Thereafter, Keco moved to dismiss the EEOC's complaint as being merely duplicative of the Grimes' complaint.[1] The District Court held that the complaint alleged charges broader than those in Grimes' complaint and refused to dismiss the case. After taking depositions and serving interrogatories upon EEOC, Keco moved for summary judgment, arguing that the EEOC's answers to the interrogatories indicated that it had nothing except Grimes' charge as a basis for its allegations. The District Court agreed that EEOC's answers to interrogatories indicated it had nothing broader than Grimes' charge and that it could not depend upon discovery to seek to establish it had anything broader.

On appeal, EEOC points to its Determination of Probable Cause as proof it has a broader claim than Grimes' charge. Keco objects to the EEOC's reliance on this document since it is merely the unsworn determination by a party to the litigation and

should be treated in the same fashion as an allegation of a complaint. It claims that as EEOC has not presented any affidavits, depositions, or other sworn testimony, it failed to meet the requirements of Fed.R. Civ.Pro. 56(e) for opposing a motion for summary judgment and thus must fail.

The allegations of the EEOC complaint are clearly broader than those alleged by Mrs. Grimes. Her complaint states that Keco discriminated on the basis of sex by not paying her the same wages as men who performed the same job, that of buyer. The EEOC, in ¶ 7 of its complaint, alleges Keco engaged in unlawful employment practices, to wit: (a) failing to pay females on the same basis as males; (b) assigning women to lower paying clerical jobs and refusing them advancement to management and supervisory positions; and (c) maintaining job classifications segregated on the basis of sex. In ¶ 9 of its complaint, EEOC alleges that since 1971 Keco failed to submit to the EEOC the Employer Information Report EEO–1 (EEO–1 Report [Standard Form 100]) as required by § 709(c) of Title VII and 29 C.F.R. § 1602.7. This Court must examine the EEOC's answers to Keco's interrogatories to determine if those answers show there is no issue of fact with respect to the broader allegations.

With respect to the failure to file EEO–1 reports, the EEOC's answers to interrogatories stated that the Commission's Office of Research, the division of the Commission which receives and has custody of EEO–1's found no record of EEO–1 reports for Keco Industries, Inc. for the years 1972, 1973, 1974, and 1975. By affidavit, David M. Levin stated that he made a diligent inquiry of the Office of Research, but no EEO–1's could be found for Keco for 1972 through 1975. By affidavit, Marguerite Downing, Keco's Office Manager, stated that filings of EEO–1's were made 1970

1. This Court held in *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1362–63 (6th Cir. 1975), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368, that Congress did not intend the EEOC to use its power to bring suits to duplicate actions brought by private parties. However, the EEOC's complaint should not be dismissed (but could be consolidated with the private action) if the EEOC's investigation of the private party's suit disclosed a number of violations with a discriminatory impact extending beyond the particular situation of the private party.

through 1975. Attached to the affidavit were copies of EEO–1's for February 1971, May 1972, and May 1973. However, for 1973, 1974, and 1975, copies of the Small Business Administration Compliance Report were attached rather than EEO–1's. (The record does not state whether these are equivalent.) The affidavits clearly show a material issue of fact whether or not Keco filed the proper papers. EEOC's answers to interrogatories did not remove this issue of disputed fact. The District Court was in error in dismissing the complaint with respect to ¶ 9.

The more important issue relates to the charges of sex discrimination. In its answer to question 4, the EEOC admitted that only four persons have filed charges against Keco, and only one, Mrs. Grimes, is a sex discrimination charge. Question 5 asked EEOC to specify the names of individuals affected and the nature of all the alleged unlawful employment practices mentioned in EEOC's complaint, ¶ 7. EEOC answered:

> The names of those persons affected by the Defendant's alleged unlawful employment practices and the dates they were affected will be made available to Defendant after Plaintiff has conducted discovery. The names of witnesses and a list of places, where relevant, will be provided to Defendant after the Plaintiff has conducted discovery.

Question 6 asked the EEOC to state the policies and practices of Keco upon which ¶ 7 of the complaint was based and to identify all documents, records, or writings in which such practices were set forth. EEOC answered:

> The allegations in paragraph 7 of Plaintiff's complaint are based upon the reasonable cause determination on the issues of equal pay and sex segregated job classifications, in the Grimes' charge. All discoverable documents, records or writings contained in the Grimes file, and upon which the reasonable cause determinations are based have been made available to the Defendant pursuant to the Defendant's subpoena issued by the U.S. District Court, Southern District of Ohio, Western Division on December 30, 1975.

The answer to question 13 stated that the EEOC's complaint was based solely upon the administrative file in the Grimes' case and the inquiry with the EEOC's Office of Research. Questions 15, 16, and 17 asked for the identity of each female whom Keco allegedly failed to pay on the same basis as males, assigned to lower paying clerical jobs, or refused advancement. To each question, EEOC answered, "Lena J. Grimes and those females to be identified during discovery." Question 18 asked EEOC to identify each job classification at Keco wherein there is allegedly segregation on the basis of sex, to which EEOC replied, "A list of sex segregated job classifications will be made available to defendant after plaintiff has conducted discovery."

The District Court held that these answers indicated that the EEOC had nothing upon which to base a claim broader than Mrs. Grimes' claim. The EEOC had no *names* other than Mrs. Grimes' name, but it did not admit that there were no other persons. In its answer to question 6, it pointed to Grimes' administrative file to support its broader claims in ¶ 7 of its complaint. Were the Court to confine its inquiry to the answers to the interrogatories, it would agree with the District Court that the EEOC has not demonstrated that there is a material issue of fact which is broader than the Grimes' charge.

■ The fact that the EEOC's answers do not disclose the existence of a material dispute does not end the inquiry for the trial judge. Fed.R.Civ.Pro. 56 provides that the judge need only consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, but it does not require a party to affirmatively respond by affidavit or deposition to a motion for summary judgment. *See Smith v. Hudson,* 600 F.2d 60, 63–65 (6th Cir. 1979). The burden of establishing that no material fact exists remains on the moving party. The trial judge must carefully examine the entire record to see if a material issue of fact is in dispute. If sworn evidence already in the record demonstrates the existence of a ma-

terial issue of fact, the motion for summary judgment should be denied.

The contents of the administrative file, mentioned in EEOC's answers to question 13, were identified by the District Director, Mr. Ferris, during his deposition, and copies of all the papers in the file were attached thereto. Mr. Ferris was the person who made the Determination of Probable Cause mentioned in EEOC's answer to question 6. He testified that his inquiry was limited to the file. He testified that while he was working for the Department of Defense, he reviewed Keco's Affirmative Action Program and identified the exhibit as the Affirmative Action Program he reviewed. This Affirmative Action Program, the Regional Director's Findings of Fact, Keco's Objections to the Findings of Fact, resumes of people who had applied for the position of buyer at Keco, and investigative reports were among the items in the file.

A copy of the Affirmative Action Program was also attached to the Defendant's Motion for Reconsideration together with an affidavit by Mr. Adair stating that attached was a true copy of what was submitted to Mr. Ferris in October and November 1970 (when he worked for the Department of Defense) and to the officer investigating the Grimes' charge. He denies any sex discrimination or discriminatory intent. Keco's answer to EEOC's interrogatory 16, which asked for identification of all documents containing job descriptions or job classifications, listed the Keco Red Book and the Keco Affirmative Action Program.

■ It is thus clear from the record that the Affirmative Action Program was a part of the sworn record. That program, in Part VII, notes an underutilization of minorities and women in the Officials and Managers and the Office and Clerical categories, although it denies any discriminatory intent. Exhibit A to the program shows that in the General Assembly, Electrical Assembly, and Refrigerator Assembly job classifications, the jobs appear to be segregated by sex and that the female jobs start at $.20 an hour less than the male jobs and end almost $.90 per hour less. In its objections to the Re-

gional Director's Findings of Fact, Keco objected to the finding that it had a separate and different wage rates in the assembly job classifications which were higher for males than for females. Keco admitted the accuracy of what was stated, but insisted the jobs did not involve the same work and that the differences in pay were directly related to differences in work. Keco did not state whether there was a bona fide occupational qualification for making one job for males only and one job for females only. These documents identified in the sworn record create an issue of fact as to whether Keco maintained sex-segregated job classifications in its assembly operations. This claim is not adequately covered by Grimes' complaint.

■ We find inexcusable the failure of the EEOC to draw to the attention of the District Court or of this Court the sworn evidence in the record on which it was entitled to rely. Its answers to interrogatories should have identified the other persons and job classifications. Its response to the motion for summary judgment should have directed the District Judge to the sworn evidence that supported its position and created an issue of fact. The record in this case is voluminous and confusing. Overburdened District Judges should be able to rely upon counsel who are familiar with depositions, documents, and affidavits in the file to locate the relevant information. Nonetheless, since the record does disclose material issues of fact, the District Court erred in granting summary judgment. The judgment is reversed and the action remanded for further proceedings not inconsistent with this opinion.