758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Eberenz, plaintiff-appellant,
v.
Mr. Darrell Richards and Mrs. Darrell Richards, defendants-appellees.
 No. 83-1760
 United States Court of Appeals, Sixth Circuit.
 2/13/85
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; ENGEL, Circuit Judge; and RUBIN Chief District Judge.*
 
 
 2
 This case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff appeals from the district court's order granting summary judgment for the defendants. Plaintiff, formerly a prisoner at the Federal Correctional Institution, Milan, Michigan (F.C.I.), instituted this Bivens-type action against two correctional officers at F.C.I., Mr. and Mrs. Darrell Richards. Plaintiff alleged that: 1) Mr. Richards confiscated his gold cross and chain (chain) valued at $300.00 and told plaintiff that it would have to be sent home by Mrs. Richards, who was acting-counselor; 2) plaintiff's father received a box containing brown paper; and 3) defendants stole the chain. Defendants moved for summary judgment and supported their motion with affidavits, which demonstrated that the chain left their possession. Plaintiff offered no sworn evidence to contradict defendants' affidavits and demonstrate the existence of a genuine issue of material fact. The magistrate found that plaintiff was attempting to hold defendants liable on a theory of vicarious liability, which would not support a Biven-type action. He recommended that summary judgment be granted for defendants. The district court accepted the magistrate's recommendation.
 
 
 4
 Upon consideration, this Court concludes that summary judgment was properly granted in this case. Summary judgment should be granted with caution and only when the movant has met his burden of showing that there exists no genuine issue of material fact. Rule 56(c), Federal Rules of Civil Procedure; Bouldis v. U.S. Suzuki Motor Corp., 711 F.2d 1319 (6th Cir. 1983); E.E.O.C. v. Keco Industries, Inc., 617 F.2d 443 (6th Cir.), cert. denied, 449 U.S. 899 (1980). When a motion for summary judgment is made and supported by affidavits, the opposing party may not rest upon his pleadings but must present sufficient evidence in support of his allegations to demonstrate that there is a genuine issue of material fact. Bouldis v. U.S. Suzuki Motor Corp., supra, 711 F.2d at 1324. Since plaintiff failed to demonstrate that there was a genuine issue of material fact, defendants were entitled to judgment as a matter of law.
 
 
 5
 It is, therefore, ORDERED that the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation