**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff-Appellant.**

v.

**McLEAN TRUCKING COMPANY et
al., Defendants-Appellees.**

**No. 74–1528.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 14, 1974.

Decided Nov. 26, 1975.

---

William A. Carey, Joseph Eddins, Gen. Counsel, Beatrice Rosenberg, Charles L.

Reischel, James P. Scanlan, Equal Employment Opportunity Comm., Washington, D. C., Wendell E. Bush, Dist. Counsel, EEOC District Office, Memphis, Tenn., for plaintiff-appellant.

John Paul Jones, Howard R. Paul, Memphis, Tenn., G. William Baab, Dallas, Tex., Ian D. Lanoff, Washington, D. C., for defendants-appellees.

Before WEICK and MILLER, Circuit Judges, and O'SULLIVAN,* Senior Circuit Judge.

WILLIAM E. MILLER, Circuit Judge.

This is an appeal from orders of the district court, Western District of Tennessee, dismissing an action brought by plaintiff ("EEOC") to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e *et seq.*

On September 21, 1970, Allen Brown, Jr., a black city driver employed by defendant ("McLean") at its Memphis terminal, filed a charge with EEOC alleging that McLean's "no transfer rule" discriminated against him and other black city drivers. While his charge was pending with EEOC, McLean permitted Brown to attend its driver-training school, the completion of which had been established by McLean as a prerequisite for transfer to a road position. After attending the school for two weeks, Brown dropped out.

On January 26, 1971, EEOC served McLean with a copy of Brown's charge. EEOC's district director at Memphis issued findings of fact in connection with Brown's charge on April 4, 1971.

On June 14, 1971, Brown filed a grievance pursuant to the collective bargaining agreement between McLean and defendant Local 667 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America ("Local 667"). Brown requested, as a remedy, that he be given immediate placement on the "road board" and also awarded back pay. Before proceeding

---

* The Honorable Clifford O'Sullivan, Senior Circuit Judge, died October 7, 1975.

with his grievance, Brown requested that his EEOC charge be withdrawn. However, EEOC refused its consent to withdrawal pursuant to its procedural regulations, 29 C.F.R. Sec. 1601.9.[1] On July 22, 1971, Brown's grievance was heard and an award was entered granting him the opportunity to complete driver-training school and await future employment as a road driver without back pay.

On March 6, 1972, EEOC entered a decision finding reasonable cause to believe, based on the Brown charge, that McLean's transfer practices were in violation of Title VII. On September 14, 1972, EEOC filed the present action against McLean; Local 667; Southern Conference of Teamsters of America ("Southern"), and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("International"). The complaint, as amended, alleged that McLean discriminated against employees and applicants on the basis of race in violation of Title VII[2] and that defendant unions[3] were signatories to collective bargaining agreements with McLean which required or perpetuated the maintenance of racially segregated job classifications.

In the meantime, on July 11, 1972, Brown filed a separate action against McLean and others in the Western District of Tennessee. This action was dismissed without prejudice on October 19, 1973, in connection with a compromise settlement between the parties.[4]

In January, February and March 1974, the district court entered orders resulting in dismissal of the present action, the court concluding that: (1) Brown's acceptance of the arbitration award precluded EEOC from basing a lawsuit on his charge alone, (2) EEOC had not complied with statutory requirements as to any charge except the Brown charge in that EEOC had not attempted to conciliate, investigate nor negotiate a settlement on any charge except the Brown charge, (3) the prior filing of a separate action by Brown precluded the present action by EEOC based on the Brown charge, (4) the statutory jurisdictional prerequisites of sections 706(b) and 706(f)(1) of the Act[5] had not been satisfied as to the defendant unions because the unions had not been named in any of the original charges filed with EEOC by McLean's employees,[6] and (5) the union defendants were indispensable parties,

---

1. 29 C.F.R. Sec. 1601.9 reads as follows:

   Withdrawal of a charge by an aggrieved person. A charge filed by an aggrieved person may be withdrawn only with the consent of [EEOC].

2. The practices specifically alleged to be discriminatory included, but were not limited to, the following:

   (a) The maintenance of racially segregated job classifications.

   (b) The maintenance of job transfer and seniority systems and practices which deter and restrict black employees from transferring to more desirable jobs, thereby perpetuating its policy and practice of maintaining racially segregated job classifications.

   (c) The failure or refusal to hire blacks on an equal basis with whites.

   (d) The failure or refusal to hire blacks as over-the-road drivers on an equal basis with whites.

   (e) The failure or refusal to hire or promote blacks into supervisory positions.

   (f) The failure or refusal to promote or train black employees because of their race.

   EECO identified Brown's charge as the basis for its action.

3. None of these union defendants had been named by Brown in his charge filed with EEOC.

4. The compromise settlement as approved by the Court's order of Oct. 19, 1973, provided, *inter alia,* that Brown was to be transferred from the local cartage seniority roster to the road driver seniority roster, that he was to be allowed to complete his training as a road driver, that he waived any claim for back pay as the result of any alleged acts of discrimination, and that McLean was to pay $5,000 as attorneys' fees to Brown's attorneys of record.

   It is true that the court retained jurisdiction of the action to enforce the terms of the compromise settlement as set forth in the order of approval. It is to be noted that such retention of jurisdiction was limited to a period of one year from October 19, 1973, with the result that Brown's private action is no longer pending in the district court.

5. 42 U.S.C. §§ 2000e–5(b), 2000e–5(f)(1).

6. In addition to the Brown charge, 17 other McLean employees filed charges of discriminatory practices with EEOC.

necessary to the resolution of the lawsuit under the standards of Rule 19.[7]

■ EEOC argues that neither the acceptance of the arbitration award nor the filing or settlement of a separate action by Brown, the charging party, precludes EEOC's right to bring an action in the public interest to eliminate discriminatory practices uncovered during investigation of the Brown charge. With this position we agree. This question was resolved by the recent decision of this Court in *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352 (1975). In *Kimberly-Clark* a prior court-approved settlement of a private class action alleging discriminatory lay-offs of female employees was asserted as a bar to an EEOC action based in part on the same alleged discriminatory lay-offs. The Court concluded, after a detailed analysis of legislative history, that "EEOC sues to vindicate the public interest, which is broader than the interests of the charging parties," and that "EEOC is not barred by the doctrine of res judicata from basing its complaint on charges of discrimination which it never agreed to settle [citations omitted]." *Id.* at 1361. In the present action, EEOC explicitly refused to consent to Brown's request to withdraw his charge, presumably because it intended to rely on the Brown charge to support subsequent litigation to correct discriminatory practices uncovered during its investigation of the Brown charge.[8]

In concluding that acceptance of the arbitration award by Brown precluded EEOC from basing an action on Brown's charge alone, the district court relied on *Dewey v. Reynolds Metals Co.*, 429 F.2d 324 (6th Cir. 1970), *aff'd by a divided court*, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267 (1971), for the proposition that "[Brown], by voluntarily submitting his claim of employment discrimination to the grievance procedure and receiving the benefit thereof, was barred from seeking further and additional relief." *Dewey* did not involve an acceptance of an award made by an arbitrator. In fact, the arbitrator decided against Dewey and held that his discharge was justified. The arbitral holding in *Dewey* has since been modified by the decision of the Supreme Court in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). This case, like *Dewey,* involved an arbitral decision against the grievant. The Supreme Court held that the arbitral decision did not preclude de novo review by "the federal court [which] may admit the arbitral decision as evidence and accord it such weight as may be appropriate under the facts and circumstances of each case."

*Gardner-Denver* did not hold that a grievant may accept an award of an arbitrator and settle with his employer, and thereafter sue his employer for additional benefits. Brown is thus bound by the settlement which he made and which was approved by the court.

In *EEOC v. Kimberly-Clark Corp., supra* at 1361 (6th Cir. 1975), we stated:

> The 1967 settlement and the November 10, 1972 signing of waivers and releases by the Meek group may well limit the scope of relief that the EEOC

---

7. Federal Rules of Civil Procedure, 28 U.S.C.

8. EEOC's findings in connection with the Brown charge clearly indicate that its investigation of that charge had uncovered that "company practices had a racial impact extending beyond [Brown's particular situation]." *See EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1363 (6th Cir. 1975). For example, the EEOC Office of Compliance in its decision of March 6, 1972, concluded:

> There is reasonable cause to believe that [McLean] has engaged and is engaging in

unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 by maintaining racially segregated job classifications and a transfer-seniority policy which discriminates against Negro city drivers as a class, as represented by Charging Parties Brown and Durham, because of their race. [footnote omitted] (Joint App. pp. 128–129).

may seek for the "Meek group's" private benefit.

The situation here is not the same as that encountered by this Court in *Guy v. Robbins & Myers, Inc.,* 525 F.2d 124 (1975), where we held that the filing of a grievance under a collective bargaining agreement does not toll the limitation period of section 706(d) of the Act,[9] for filing a charge with EEOC. In *Guy* an *employee, not EEOC,* brought an action for wrongful discharge under Title VII.

In *Kimberly-Clark, supra* at 1357, in holding that *EECO* is not barred from suing after the expiration of the 180-day period running from the filing of a charge with EEOC, 42 U.S.C. § 2000e–5(f)(1), we stated:

> Construing the 180-day provision as a statute of limitations is also flatly in conflict with section 14 of the 1972 Act, which made the amendments effective as to charges then "pending" with the Commission. It is clear that many of the pending charges on the basis of which Congress intended to allow the EEOC to sue had been pending from 18 to 24 months. Application of the 180-day provision as Appellee urges would bar usage of these charges as a basis for suit—private or public—despite explicit congressional intent that two-year-old charges "have the benefit of the new enforcement authority."

We also stated, *id.* at 1359: "We agree with the District Court that a state [Tennessee] statute of limitations does not run against *EEOC* in this case [emphasis added]."

■ While under our holding Brown is not to recover any "private benefit", such as back pay, not granted to him under the compromise settlement of the separate action, *see EEOC v. Kimberly-Clark Corp., supra* at 1361, Brown should not and cannot practically be prevented from enjoying the benefits inuring generally to all McLean employees as the result of the eradication of any unlawful practices which may be proved to exist or the benefit of improvements in working conditions.

If EEOC's present action should be dismissed, there is no other action pending in the district court for enforcement of Title VII rights in which EEOC could seek permissive intervention. Although a prior action instituted by McLean employees under Title VII had been pending, we have been duly advised that that action was dismissed on the basis of a settlement and is no longer pending. Thus, putting *Kimberly-Clark* to one side, McLean's position that duplicitous litigation should be avoided by remitting EEOC to permissive intervention in other pending actions would still be untenable in this case, as there are no other actions pending in which it could apply for permissive intervention.

■ EEOC next argues that even though failure of the charging party to name the unions in the EEOC charge would normally be a jurisdictional bar to joinder of the unions, there are circumstances when joinder of parties not named in the EEOC charge may be deemed "feasible" within the meaning of Rule 19. Generally, courts have interpreted section 706(e) of the Act[10] to mean that a party must be named in a charge filed with EEOC before court action can be commenced against such party. *Evans v. Sheraton Park Hotel,* 164 U.S.App.D.C. 86, 503 F.2d 177, 181 (1974); *see Thornton v. East Texas Motor Freight,* 497 F.2d 416, 424 (6th Cir. 1974). It has also been held that the "right to file suit against the union" does not ripen until the union is charged before EEOC, notwithstanding the fact that an employer is charged. *Miller v. International Paper Co.,* 408 F.2d 283, 291 (5th Cir. 1969). Yet, the rule is not without exceptions. For example, joinder of a union has been allowed by order of the court on its own motion under

---

**9.** 42 U.S.C. § 2000e–5(d).

**10.** 42 U.S.C. § 2000e–5(e).

Rule 21 [11] where the court felt that the union was a "desirable" party. *Torockio v. Chamberlain Mfg. Co.,* 51 F.R.D. 517 (W.D.Pa.1970). In *Torockio,* defendant employer, rather than the plaintiff, alleged that a union should be joined as a necessary party under Rule 19. In the present action, McLean filed a motion to be permitted to assert a cross-claim against the three defendant unions and requested that jurisdiction of the unions be retained until final judgment.

Joinder of a union, although not named in the EEOC charge, has been allowed where interpretation of a collective bargaining agreement would be necessary. *Reyes v. Missouri-Kansas-Texas R. R. Co.,* 53 F.R.D. 293 (D.Kan.1971). In the present action, EEOC alleged that defendant unions were signatories to collective bargaining agreements with McLean which perpetuated segregation, thus necessitating interpretation of the agreements.

The district court was of the view that the unions were indispensable parties who could not be joined because they had not been named as parties in the charge before EEOC. We agree that the unions are indispensable parties but believe that joinder of them is "feasible" at least for the purpose of interpreting the collective bargaining agreements. *Cf. Held v. Missouri Pacific R. R. Co.,* 373 F.Supp. 996, 1000 (S.D.Tex.1974).

Further, we believe that this matter should be disposed of in one proceeding "in the interest of uniformity and in consideration of the time, effort and expense involved in duplication." *See Bremer v. St. Louis Southwestern R. R. Co.,* 310 F.Supp. 1333, 1340 (E.D.Mo. 1969).

Reversed and remanded to the district court for joinder of the unions as parties defendant for the purposes and to the extent herein indicated and for further proceedings consistent with this opinion.

---

11. Federal Rules of Civil Procedure, 28 U.S.C.