**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,**

v.

**DAYTON TIRE & RUBBER COMPANY and Firestone Tire & Rubber Company, Defendants.**

**No. C–3–81–473.**

United States District Court, S.D. Ohio, W.D.

April 18, 1983.

 

Debra J. Smith, Cleveland, Ohio, for plaintiff.

John C. Lombard, Dayton, Ohio, Robert R. Lewis, Jr., Steven M. Nobil, Akron, Ohio, for defendants.

### DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION TO DISMISS; OTHER PENDING MOTIONS OVERRULED IN PART AND NOT RULED UPON IN PART; CONFERENCE CALL SET

RICE, District Judge.

Plaintiff Equal Employment Opportunity Commission (EEOC) brought this action to redress alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and of the Equal Pay Act, 29 U.S.C. § 201 *et seq.*, by the Defendants. While this action was pending, the charging party, who had initially informed the EEOC of the alleged violations, entered into an out-of-court settlement with the Defendants. The Defendants have now moved to dismiss the action (Doc. # 20), on the basis that the settlement, in effect, moots the case and all issues involved therein. For the reasons set forth below, said motion is not well taken and same is hereby overruled. The remaining pending motions are overruled in part and not ruled upon in part and a conference call will be had to discuss how this action should further proceed.

#### I.

An examination of the record reveals the following facts. On January 21 and February 28, 1980, Rebecca Hodgin (the charging party) filed charges of discrimination with the EEOC and the Ohio Civil Rights Commission (OCRC), alleging that Dayton Tire and Rubber Company had discriminated against her on the basis of sex, in the terms and conditions of her employment. Pursuant to accepted practice, both agencies processed Ms. Hodgin's charges. The EEOC conducted a fact-finding conference with Defendants, and subsequently informed them that the charge was found to

be with "reasonable cause." Under the statutory mandate, 42 U.S.C. § 2000e–5(b); 29 C.F.R. § 1601.24 (1982),[1] the EEOC attempted to conciliate the controversy by, *inter alia,* making an offer to withdraw the action if Defendant paid a sum of money. In April of 1981, the EEOC issued a failure of consideration notice to Defendant, given that their respective offers were far apart.

On September 25, 1981, the EEOC filed suit in this Court, pursuant to sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e–5(f)(1) & (3), and section 6(d) of the Equal Pay Act, 29 U.S.C. § 206(d). Complaint, ¶ 1. In its complaint, Plaintiff named both Dayton Tire & Rubber Co. and its parent corporation, Firestone Tire & Rubber Co., as Defendants.[2] Plaintiff further alleged that various actions by Defendants with respect to Ms. Hodgin, between July, 1977 and June, 1980, violated Title VII (¶ 12) and the Equal Pay Act (¶ 13). Plaintiff prayed for relief "to make whole Ms. Rebecca Hodgin," in the form of back pay, liquidated damages, and other relief. No other employees besides Ms. Hodgin were named in the complaint.

Defendants moved (Doc. # 6) to dismiss the complaint, on the grounds that Ms. Hodgin had filed a charge of discrimination with the EEOC in an untimely manner, and because the EEOC had failed to meaningfully conciliate the charge. They also argued that the EEOC had no authority to enforce the Equal Pay Act. At the Court's request (Doc. # 15), Plaintiff filed an amended complaint (Doc. # 16), identical in nearly all respects to the original complaint, with the exception that Plaintiff specifically averred that all conditions precedent (including a proper conciliation attempt) had been met.

Meanwhile, Ms. Hodgin moved (Doc. # 13) to intervene in the suit, pursuant to Fed.R.Civ.P. 24(a) and 42 U.S.C. § 2000e–5(f)(1). However, she then moved (Doc. # 19) to withdraw her previous motion, for reason that the OCRC and Defendants had entered into a conciliation agreement, and Defendants had settled with her, on June 16, 1982. Copies of the conciliation and settlement agreements are attached to Docs. # 19, 21 & 24.[3] This Court sustained the motion to withdraw on October 6, 1982 (Doc. # 22).

Defendants then moved to dismiss (Doc. # 20) the amended complaint, for reason that the aforementioned settlement with the only charging party, in effect, mooted the entire controversy and left nothing to be tried before this Court. Plaintiff responded (Doc. # 24) that the action is not moot, in that it is suing in the "public interest," and not merely on behalf of Ms. Hodgin.

## II.

■ Defendants have moved to dismiss the amended complaint, presumably pursuant to Fed.R.Civ.P. 12(b)(1). In arguing that the EEOC's suit is, in effect, moot, they are essentially attacking this Court's

---

1. Unlike Title VII, the Equal Pay Act contains no provisions mandating that the EEOC enter into conciliation with a defendant. However, the EEOC apparently attempted to conciliate the Equal Pay Act claims with the Title VII claims. Defendants, as noted in the text, *infra,* contest the sufficiency of this conciliation effort, as well as the EEOC's authority to enforce the Equal Pay Act at all.

2. The Dayton Tire & Rubber Co. plant was closed in 1980. However, Plaintiffs allege, Amended Complaint, ¶¶ 6–11, and the parties do not dispute that Firestone Tire & Rubber Co. would be liable as a parent and successor corporation. *EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir.1974).

3. As suggested in the text, the terms "settlement" and "conciliation," in the context of an employment discrimination suit, are similar but not identical. The former term refers to any resolution of a dispute, whether it be before or after court proceedings have been initiated. In contrast, a conciliation effort, under Title VII, 42 U.S.C. § 2000e–5(f)(1), and the OCRC, Ohio Rev. Code § 4112.05(B), in theory follows an investigation and a finding of reasonable cause. Suit in court may be brought if conciliation is unsuccessful. A successful conciliation will, of course, presumably lead to a settlement. *See,* 29 C.F.R. § 1601.24 (1982); *EEOC v. Liberty Trucking Co.,* 695 F.2d 1038, 1044 n. 7 (7th Cir.1982).

subject matter jurisdiction over the case. *United States Parole Comm. v. Geraghty*, 445 U.S. 388, 395–97, 100 S.Ct. 1202, 1208–09, 63 L.Ed.2d 479 (1980); *International Union, UAW v. Dana Corp.*, 697 F.2d 718, 720 (6th Cir.1983) (en banc). In such a motion, the Court can, and will, consider materials outside the pleadings (herein, the settlement and conciliation agreements, and certain affidavits), to which both parties refer, without converting the motion into one for summary judgment. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350 at 549–50 (1969).

Ms. Hodgin's charge of discrimination, filed in January of 1980, and amended in February of that year, alleges that Dayton Tire & Rubber Co. failed to give her certain privileges (including an appropriate rate of pay) accorded similarly situated male employees, including those of the male employee she replaced. Doc. # 9, Ex. A. Plaintiff's Determination Letter, Doc. # 9, Ex. B, reiterated these allegations, as did its original and amended complaints. The settlement and conciliation papers indicate that Ms. Hodgin settled for the amount of $15,000.00 (plus $3,000.00 in attorney's fees), agreeing to release Defendants from all claims concerning her employment at Dayton Tire & Rubber Co. In said papers, Defendants did not admit to any violation of federal or state law.

■ Since the EEOC only sued on behalf of Ms. Hodgin, Defendants argue, they have a "perfect identity of interests." *See*, Defendants' Memorandum in Support of Motion to Dismiss, Doc. # 21, p. 6. Given Ms. Hodgin's settlement of her claims, Defendants argue, it follows that the EEOC's suit is moot. Plaintiff argues that it is suing in the "public interest," to vindicate an interest the charging party cannot vindicate, and that it never approved of the private settlement. The EEOC also points out that it may obtain certain damages over and above what Ms. Hodgin received

in settlement. Thus, it concludes, its suit is not moot.

While the issue presented is not easily answered, an analysis of relevant Sixth Circuit case law indicates that the EEOC's position is a correct one. Title VII provides a mechanism where, under certain defined circumstances, *both* a charging party *and* the EEOC can bring suit in federal court. Questions arise when both parties arrive in court concurrently, or when, as here, one party seeks to file or pursue court action when the other has settled. Two Sixth Circuit decisions seem particularly applicable. In *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir.), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975), the EEOC filed suit several years after the charging parties and defendants had settled (to which the EEOC was not a party). Emphasizing that the EEOC sues to "vindicate the public interest," *id.* at 1361; *accord, General Telephone Co. v. EEOC*, 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980), the Court held that the doctrines of res judicata and collateral estoppel did not prevent the EEOC "from basing its complaint on charges of discrimination which it never agreed to settle," although the terms of the settlement "may well limit the scope of relief the EEOC may seek" for the private parties. 511 F.2d at 1361 (footnote omitted). The Court acknowledged the need to avoid duplication of proceedings, but found that not to be a problem, since the EEOC investigation had revealed alleged unlawful practices broader than those found in the private complaints. *Id.* at 1362–63. *Accord, EEOC v. Keco Industries, Inc.*, 617 F.2d 443, 444 n. 1 (6th Cir.1980).

Another Sixth Circuit decision is nearly "on all fours" with the within matter. In *EEOC v. McLean Trucking Co.*, 525 F.2d 1007 (6th Cir.1975), the EEOC filed an action in federal court; a later, separate, Title VII suit filed by the charging party, was then dismissed pursuant to a settlement. Nevertheless, the Court held that the EEOC action could go forward, reiterating the *Kimberly-Clark* holding that settlement by the charging party would not,

necessarily, bar the EEOC suit. *Id.* at 1010. In a footnote, the Court again added that duplication of proceedings was avoided, since the EEOC decided that its investigation revealed practices broader than those involved in the plaintiff's particular situation. *Id.* at 1010 n. 8.[4]

Plaintiff correctly argues that *Kimberly-Clark* and *McLean* control this matter, permitting an *existing*[5] EEOC suit to go forward based on a charge of discrimination, even when the charging party has settled, through a conciliation agreement entered into between a defendant and the OCRC. *Accord, EEOC v. MacMillan Bloedel Containers, Inc.,* 16 FEP Cases 1397 (N.D.Ohio 1976) (presenting facts virtually identical to the instant case). Defendants attempt to distinguish these cases by pointing out that the EEOC therein brought suit on allegations *broader* than those presented by the charging party or parties who settled. Doc. # 21, p. 8. Here, Defendants assert, and the EEOC appears to concede, that the EEOC's complaint is *not* broader than the

allegations in Ms. Hodgin's charge of discrimination.

Defendants' position is not entirely without logic. *See,* Sullivan, *The Enforcement of Title VII: Meshing Public and Private Efforts,* 71 Nw.U.L.Rev. 480, 510–12 (1976). *Cf.* B. Schlei & P. Grossman, *Employment Discrimination Law* 1051 (1976) (apparently agreeing with Defendants' position). However, such a position defines too narrowly the EEOC's function in bringing a lawsuit. The EEOC does not bring a suit *solely* for the charging party, even if the charging party is the only victim of discrimination named in the complaint. As Judge Julian Abele Cook stated, *Kimberly-Clark* and *McLean* stand for the proposition "that *whenever* the EEOC sues under § 706, in this Circuit, the suit is broader than a private suit because the EEOC is trying to vindicate the interest of the public." *EEOC v. Stroh Brewery Co.,* 83 F.R.D. 17, 22 (E.D.Mich.1979) (emphasis in original). Thus, it would appear that, in a typical situation (such as in *Kimberly-*

---

**4.** In *Kimberly-Clark,* 511 F.2d at 1361, and *McLean,* 525 F.2d at 1010, the court stated that its holdings were predicated, in part, upon the inapplicability of res judicata and collateral estoppel to Title VII actions. For similar statements in related contexts, *see, Cooper v. Philip Morris, Inc.,* 464 F.2d 9, 10–11 (6th Cir.1972) (private Title VII suit permitted after denial of complete relief by state agency) and *Lyght v. Ford Motor Co.,* 643 F.2d 435 (6th Cir.1981) (private Title VII suit not barred when settlement by state agency did not include back pay). To be sure, these statements have been tempered by the Supreme Court's recent decision in *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), wherein the Court held that, absent certain circumstances, res judicata and collateral estoppel would apply to a Title VII suit brought by a private individual in federal court, when there has been a prior state-court judgment upholding the determination of a state administrative agency. Here, there has been a conciliation agreement entered between the OCRC and Defendants, and such consent decrees can be characterized as judgments on the merits. *Stotts v. Memphis Fire Dep't,* 679 F.2d 541, 560 (6th Cir. 1982), *petition for cert. filed,* — U.S. —, 103 S.Ct. 2451, 77 L.Ed.2d 1331; *Adams v. Proctor & Gamble Mfg. Co.,* 697 F.2d 582, 583 (4th Cir. 1983) (per curiam) (en banc). Following the language of Title VII, 42 U.S.C. § 2000e-5(b), the EEOC regulations state that "substantial

weight shall be accorded final findings and orders" of state agencies like the OCRC, which are defined to include consent orders or decrees. 29 C.F.R. § 1601.21(e)(1)–(2) (1982). However, the language of the conciliation agreement, as noted above, specifically declines to address the merits, the EEOC was not a party to same, and the EEOC did not agree to Ms. Hodgin withdrawing her charge of discrimination. 29 C.F.R. § 1601.10 (1982). Moreover, the *Kremer* Court noted that its holding did not extend to "unreviewed administrative determinations by state agencies," as opposed to decisions of state courts. 102 S.Ct. at 1891 n. 7. *Accord, Smith v. United Brotherhood of Carpenters & Joiners,* 685 F.2d 164, 168 (6th Cir.1982) (conclusions of OCRC are not binding). Thus, no res judicata or collateral estoppel effect attaches to the OCRC's entry into the conciliation agreement herein.

**5.** This case thus differs from the recent decision of *Horn v. Eltra Corp.,* 686 F.2d 439 (6th Cir. 1982), wherein the Court refused to permit the EEOC to intervene in an action that had settled, noting that the EEOC had "never issued a determination of reasonable cause nor engaged in post determination conciliation on Horn's charge, and so the Commission is without an independent jurisdictional basis for litigating here against Eltra." *Id.* at 441. These circumstances do not obtain in the within matter.

*Clark* or *McLean*), the EEOC will only pursue a suit, once a charging party has settled, if they are suing on allegations *broader* than those presented by the charging party. But this is not a *mandatory* requirement, and the language in *Kimberly-Clark* and *McLean* does not suggest otherwise.

Here, the EEOC states that it is still pursuing the suit, because the charging party settled "with less than acceptable terms." Plaintiff's Reply Memorandum, Doc. # 24, p. 5. This would appear to be a proper exercise of vindicating the public interest, in that the EEOC may feel that only a larger settlement (or award) will deter violations of the discrimination laws by the present defendants or similarly situated defendants. Indeed, Plaintiff argues that the potential recovery, under Title VII and the Equal Pay Act, would exceed that which Ms. Hodgin received in settlement. *Id.* at p. 4.

The Court is aware that the Plaintiff's original conciliation offer was quite close to the terms of the OCRC settlement with Defendants. As noted above, Defendants settled for $18,000.00 (including attorneys fees). In 1981, Plaintiff offered to settle with Defendants for $20,000.00. Affidavit of Arlene Hart, ¶ 10, attached to Doc. # 9. This offer was rejected by the Defendants. *Id.*, ¶ 11. Given the proximity of the potential and ultimate settlements, as well as the fact that Plaintiff is bringing allegations identical to those of the charging party, it might be argued that, *on the facts of this case,* Plaintiff did not and is not pursuing an interest broader than that of the charging party. Under differing factual circumstances, Judge Cook's statement that an EEOC suit is *always* broader than a private suit may not be true. To hold otherwise would reduce the "public interest" formulation to a talisman. However, while this case may approach the mootness line, it does not cross over that line. Plaintiff should not be bound in its enforcement efforts to a settlement offer, since withdrawn, which was more than a de minimus amount larger than the settlement by the charging party. Likewise, the use of

broader allegations is not a *mandatory* requirement for the EEOC to bring suit. Ms. Hodgin's case was not formally litigated in either state or federal courts. Further proceedings herein will not be *completely* duplicative of the proceedings involving Ms. Hodgin.

For these reasons, the EEOC's action is not moot, and Defendants' motion to dismiss must be, and hereby is, overruled.

### III.

■ One portion of Defendants' initial motion to dismiss, Doc. # 6, needs to be addressed. Pursuant to Title VII, 42 U.S.C. § 2000e–5(e), Defendants argued that Ms. Hodgin did not file her charge of discrimination within 180 days after the alleged unlawful acts occurred. Plaintiff alleges in its complaints that Defendants committed the alleged unlawful acts between July, 1965 and June, 1980. Ms. Hodgin filed a charge on January 21 of 1981, more than 180 days after any date in June of the previous year. However, Defendants fail to recognize that Ohio is a "deferral" state, thus triggering, under Title VII, a 300-day period within which to file. *Hall v. Ledex, Inc.*, 669 F.2d 397 (6th Cir.1982). The filing in January of 1981 was well within 300 days of June of 1980. Moreover, Plaintiff's complaints contain allegations to indicate the existence of "continuing" discrimination between 1965 and 1980, thus making actionable pre-1980 acts, as well. *Held v. Gulf Oil Co.*, 684 F.2d 427, 430 (6th Cir.1982); *Hall v. Ledex, Inc., supra,* 669 F.2d at 398. Accordingly, Ms. Hodgin filed her charge of discrimination in a timely fashion, and Plaintiff's action, predicated thereon, is also timely.

The Court does not find it appropriate, at this time, to pass on the balance of the arguments presented in said motion to dismiss, or on Plaintiff's motion to strike and dismiss (Doc. # 9). Instead, this case would appear to be an ideal one for conciliation and settlement, given that (1) the charging party has settled, (2) said settlement and Plaintiff's offer were close in

amount, and (3) any damage award Plaintiff might obtain, after trial on the merits in this court, would probably need to be credited by the amount for which the charging party has already settled. *Kimberly-Clark, supra,* 511 F.2d at 1361. Under Title VII, "Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending ... further efforts of the Commission to obtain voluntary compliance." 42 U.S.C. § 2000e–5(f)(1). Accordingly, counsel will take note that a conference call will be had at 8:35 on Friday, April 29, 1983, for the purpose of ascertaining whether the parties wish to request a stay for conciliation purposes. If not, the Court will set a schedule to rule on the remaining motions (to the extent same are still viable), and set discovery and trial dates, et cetera.