EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and Pennsylvania Human Relations Commission, Plaintiffs,

v.

UNITED STATES STEEL CORPORATION, Defendant.

Civ. A. No. 84–702.

United States District Court, W.D. Pennsylvania.

Nov. 21, 1989.

As Amended Dec. 22, 1989.

Carmen R. Matos, for E.E.O.C.

Lorraine Caplan, Pittsburgh, Pa., for Pennsylvania Human Relations Com'n.

Richard Antonelli, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

On October 1, 1987, this Court issued an order affirming the Magistrate's original report and recommendation. *EEOC v. United States Steel Corp.*, 671 F.Supp. 351 (W.D.Pa.1987). This order permanently enjoined United States Steel (USS) from: (1) terminating or reclassifying 70/80 retirement pensions with respect to any individual who has filed a claim or charge under the Age Discrimination in Employment Act (ADEA) with the Equal Employment Opportunity Commission (EEOC) or in a judicial proceeding; (2) requiring employees to sign Form PF–116–B or PF–116–C in order to be eligible for a 70/80 mutually satisfactory pension; and (3) continued withholding of pension benefits of individuals whose 70/80 pensions have been terminated or reclassified because they filed, or permitted to be filed on their behalf, a charge or claim under the ADEA. *Id.* at 352–53.

On October 2, 1987, a status conference was held for this case. During this conference, the defendant raised questions as to the res judicata effect of individual actions on the present case. Motions and briefs were filed on this issue. The case was again referred to the Magistrate. On November 30, 1988, the Magistrate issued his report and recommendation. The Magistrate's November 30th report recommends that "former employees Avera, Bryar, Bush, Fasekas, Lewis, Mularski, Naylor, Cole, Nix, Cunningham and DiVirgilio's claims have been satisfied; and that former employees Hallas, Mitchell, Coventry, Ward and Thayer should be retroactively reinstated to the 70/80 pension plan." Magistrate's Report and Recommendation at 1 (Nov. 30, 1988) [hereinafter Magistrate's Report].

The EEOC does not object to the Magistrate's report, but instead requests that the report be clarified as to the issue of pre-judgment interest. USS objects to the report "only to the extent that it denies the motions to bar the claims of Mitchell, Coventry, Ward and Thayer." Defendant's Objections to the Magistrate's Report and Recommendation at 2 [hereinafter Defendant's Objections]. USS does not object to the recommendation with regard to Hallas, and states that it has taken action to honor Hallas' claim.

## I. Non-contested Portions of the Magistrate's Report

The Magistrate's Report states that employees E. Avera, W. Bryar, J. Bush, P. Fasekas, L. Lewis, E. Mularski, and W. Naylor have been granted retroactive entitlement to 70/80 benefits. The Report also states that E. DiVirgilio has settled his claim. Additionally, the Report states that J.A. Cole has received, and never was denied, a 70/80 pension; that O.M. Nix never applied for a 70/80 pension; and that a 70/80 pension has been retroactively granted for S.A. Cunningham. The Magistrate found that as to all of these employees, their claims have been satisfied.

Neither party has objected to the Magistrate's findings as to these employees. Accordingly, this Court will accept the Magistrate's findings in this regard, but modified in accordance with the discussion on pre-judgment interest immediately following.

In regard to the claim of Hallas, USS states that it has taken action to honor his claim. This Court agrees with the Magistrate that Hallas should be retroactively restored to the 70/80 pension plan. Thus, to the extent that Hallas' claim is not moot, e.g., pre-judgment interest, USS is ordered to restore him to the 70/80 pension plan.

## II. Pre-judgment interest

The EEOC terms its response to the Magistrate's November 30 report as a "request for clarification." Specifically, the EEOC requests that pre-judgment interest be awarded, based on prevailing IRS rates, from July, 1983, or the original date each individual applied for and was denied a 70/80 pension, until the present. USS responds that the EEOC's request for clarifi-

cation is actually an objection to the Magistrate's report of August 18, 1987. USS contends that the EEOC's request is untimely and should therefore be denied.

■■■ Pre-judgment interest may be awarded in ADEA cases. *Gelof v. Papineau,* 829 F.2d 452, 456–57 (3d Cir.1987). An award of pre-judgment interest lies within the Court's discretion. Pre-judgment interest should be granted when warranted by considerations of fairness, and denied when it would be inequitable. *Brock v. Richardson,* 812 F.2d 121, 126 (3d Cir.1987) (case involved the Fair Labor Standards Act (FLSA)). The ADEA specifies that the enforcement provisions of the FLSA are applicable to ADEA actions. 29 U.S.C. § 626(b). The Third Circuit has held that under the FLSA, backpay awards should be presumed to carry pre-judgment interest, unless the equities in a particular case require otherwise. *Richardson,* 812 F.2d at 127. Therefore, pre-judgment interest should be presumed in backpay awards under the ADEA.

■■ USS argues that the EEOC's argument is precluded by its failure to object to the Magistrate's August 18, 1987 report within ten days as required by 28 U.S.C. § 636(b). (The EEOC has not sought a modification of this Court's 1987 order.) However, the Magistrate's report expressly stated that the report only concerned the question of liability; the question of damages was reserved for future proceedings. 671 F.Supp. at 356, 359; *see also* Tr. 10/2/87 at 2, *EEOC v. United States Steel,* No. 84–702 (W.D.Pa.) ("what remains to be done is to determine the possible compensation that might be due"). The question of compensation is still a live issue.

In the present case, pre-judgment interest shall be awarded. USS acted intentionally to deprive its employees of their federally protected rights. The equities in this case support such an award as a means of deterring similar future conduct. Accord-

ingly, employees entitled to retroactive pension benefits are also entitled to pre-judgment interest on these benefits. Such interest shall be awarded from the date each such individual applied for and was denied a 70/80 mutually satisfactory pension, or the date that the 70/80 pension was terminated or reclassified, until the date of this judgment.

### III. Res judicata effect of individual actions on the EEOC action

■■ The Magistrate contends that the claims of Mitchell, Coventry, Ward, and Thayer (hereinafter "the employees") are not barred by res judicata. The Magistrate argues that the only issue resolved by this Court's October 3rd order is that "certain sections of the PF–116–B/C form are *per se* invalid." Magistrate's Report at 5. The Magistrate asserts that the employees have not had prior judicial determinations of this issue, so res judicata is inapplicable.

USS responds that any claim for relief on behalf of the employees "is barred by the doctrine of res judicata and that each of these individuals presented a retaliation claim or had the opportunity to present such a claim in the course of their individual ADEA actions against US[S] and that judgment in each such action was entered in favor of US[S] and against each such individual." Defendant's Objections at 2. USS argues that Mitchell claimed in three prior proceedings, an arbitration and two federal lawsuits, that USS had improperly denied him a 70/80 pension because it required him to execute a Form PF–116–B. USS contends that these prior judgments are res judicata in the present case. As to Conventry, Ward and Thayer, USS states that these employees raised claims of retaliation by USS in an amended complaint in a prior lawsuit for age discrimination, but then failed to raise any claims of retaliation during their trial. USS contends that these claims are precluded in the present action.[1]

---

1. USS has filed an untimely objection to the Magistrate's Report, claiming that employees Mitchell, Coventry, and Ward never signed an application and release for, or received, a 70/80 mutually satisfactory pension. Defendant's Supplemental Brief in Support of Its Exceptions to the Magistrate's Report and Recommendation at 2. This objection is untimely and will not be considered. 28 U.S.C. § 636(b)(1); Loc.Mag.R. 4(b).

The EEOC contends that res judicata is inapplicable because res judicata only applies when the parties or those in privity with them are identical in both the prior and present actions, and the same cause of action is involved in both suits. The EEOC argues that the prior actions only involved the employees, and not the EEOC. Res judicata does not apply because the EEOC was not a party, or in privity with a party, to the prior actions. The EEOC also argues that the prior cases did not resolve the legality of Form PF–116–B/C, so these prior cases are not res judicata in the present case.

As a general matter, res judicata does not bar the EEOC in the present case. "The EEOC exists to advance the public interest in preventing and remedying employment discrimination...." *General Telephone Company v. EEOC*, 446 U.S. 318, 331, 100 S.Ct. 1698, 1707, 64 L.Ed.2d 319 (1980). "When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it also acts to vindicate the public interest in preventing employment discrimination." *Id.* at 326, 100 S.Ct. at 1704. In fact, under the ADEA, an individual's right to seek redress is subordinate to the enforcement activities of the EEOC. *Nicholson v. CPC International, Inc.*, 877 F.2d 221, 225 (3d Cir.1989). The EEOC may "sue in its own name to enforce federal law by obtaining appropriate relief for those persons injured by discriminatory practices." *General Telephone*, 446 U.S. at 324–25, 100 S.Ct. at 1703–04. The EEOC is "not limited to the claims presented by the charging parties. Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *Id.* at 331, 100 S.Ct. at 1706.

A number of courts have considered the issue of whether the EEOC is barred by res judicata due to prior individual actions by charging parties. These courts uniformly find that res judicata does not apply to the EEOC.[2] *See EEOC v. North Hills Passavant Hospital*, 544 F.2d 664 (3d Cir.1976) (involuntary dismissal of charging party's private action does not bar EEOC from filing suit; Title VII action); *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1542 (9th Cir.1987) (settlement of charging plaintiff's claim does not moot the EEOC claim; Title VII action); *EEOC v. United Parcel Service*, 860 F.2d 372, 374 (10th Cir.1988) (EEOC has standing by itself to challenge a policy of ongoing discrimination. The fact that the original plaintiff settles his claim does not moot the EEOC's claim; Title VII action); *EEOC v. McLean Trucking Company*, 525 F.2d 1007, 1010 (6th Cir.1975) (EEOC is not barred by res judicata from basing its complaint on charges of discrimination which it did not agree to settle; Title VII action). These cases apply as a rationale the fact that the United States has an interest in enforcing federal law that is independent of any claims of private citizens. As stated by one court, "the government is not barred by the doctrine of res judicata from maintaining actions asking courts to enforce federal statutes implicating both public and private interests merely because independent private litigation has also been commenced or concluded." *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 692 (7th Cir.1986).

■ However, although the EEOC is not barred by res judicata, most courts have not allowed individual claimants to recover

---

I do note, though, that USS appears to have misconstrued this Court's prior order. This Court previously held that use of Form PF–116–B/C is *per se* invalid. *EEOC v. United States Steel*, 671 F.Supp. at 357–59. It is unlawful to make receipt of a pension contingent upon the execution of such a release. However, nothing in this opinion should be construed to preclude the use of Form PF–116–B/C as a defense of waiver in future litigation. *See Coventry v. United States Steel Corporation*, 856 F.2d 514 (3d Cir.1988).

**2.** This works both ways. A finding of no class-wide discrimination in an EEOC action is not res judicata as to individual claims of discrimination brought by class members. *Cooper v. Federal Reserve Bank*, 467 U.S. 867, 880–81, 104 S.Ct. 2794, 2801–02, 81 L.Ed.2d 718 (1984). The rationale of this decision is that class actions focus on a pattern of discriminatory decision-making, whereas individual actions focus on a particular hiring decision; it is not inconsistent to have no pattern of discrimination but yet to have individual instances of discrimination.

both on their own behalf and then again pursuant to an EEOC action. *See EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539 (9th Cir.1987) (claim for backpay in an EEOC Title VII action on behalf of charging plaintiff is moot once plaintiff settles); *EEOC v. Cosmair, Inc., L'Oreal Hair Care Division*, 821 F.2d 1085, 1091 (5th Cir.1987) ("[A]lthough an employee cannot waive the right to file a charge with the EEOC, the employee can waive not only the right to recover in his or her own lawsuit but also the right to recover in the suit brought by the EEOC on the employee's behalf."); *New Orleans S.S. Ass'n v. EEOC*, 680 F.2d 23, 25 (5th Cir.1982) ("[T]he EEOC may challenge a transaction which was the subject of prior judicial scrutiny in a private suit, if the subsequent challenge seeks different relief."); *EEOC v. McLean Trucking Company*, 525 F.2d 1007, 1011 (6th Cir.1975) (charging party who settles may not recover any private benefit from the EEOC suit such as backpay, but may enjoy the benefits inuring to all employees as the result of any unlawful practices which may be proved to exist or the benefits of improvements in working conditions).

At least one court has allowed a plaintiff to recover pursuant to both an individual action and an EEOC action. *EEOC v. Dayton Tire and Rubber Company*, 573 F.Supp. 782 (S.D.Ohio 1983) (EEOC may recover monetary damages on behalf of a charging party who has settled his claim). The rationale of this case is that the EEOC acts in the public interest. As a means of vindicating the public interest, the "EEOC may feel that only a larger settlement (or award) will deter violations of the discrimination laws by the present defendants or similarly situated defendants." *Id.* at 787.

Considerations of equity persuade this Court that employees Mitchell, Ward, Thayer and Coventry shall be allowed to recover improperly withheld pension benefits. 29 U.S.C. § 626(b) provides that in EEOC actions to enforce the ADEA, a court has jurisdiction "to grant such legal and equitable relief as may be appropriate to effectuate the purposes [of the ADEA]." Courts have broad power under § 626(b) to award equitable relief. *Nicholson v. CPC International, Inc.*, 877 F.2d 221, 228 (3d Cir.1989). The inclusion of equitable relief in § 626(b) demonstrates that Congress intended the victims of age discrimination to be made whole by restoring them to the position they would have been in had the discrimination never occurred. *Blum v. Witco Chemical Corporation*, 829 F.2d 367, 373 (3d Cir.1987). Courts hearing ADEA actions are vested with power to resolve the problem of age discrimination effectively. *Nicholson*, 877 F.2d at 228–29. "Congress intended the EEOC and the courts to 'eliminate' discriminatory practices from the workplace...." *Id.* at 229.

This case differs from most of the previously cited cases which denied employees the ability to recover pursuant to an EEOC suit. The present case does not present the situation where an employee willingly chooses to settle his lawsuit. Instead, these employees have not recovered any compensation for USS' discriminatory actions. Allowing these employees to recover pursuant to the EEOC action will not provide the employees with an impermissible double recovery. *See General Telephone*, 446 U.S. at 333, 100 S.Ct. at 1708; *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 51 n. 14, 94 S.Ct. 1011, 1021 n. 14, 39 L.Ed.2d 147 (1974). Additionally, the scope of the EEOC action is broader than that of the individual actions—the EEOC is suing as a means of vindicating the public interest in equal treatment of employees.

In the present case, this Court must weigh the harm involved by allowing employees to repeatedly litigate an issue versus the harm involved by allowing USS to profit by its discriminatory practices. This Court is persuaded that considerations of equity tip the scales of justice in favor of the employees. Congress intended the EEOC and the courts to eliminate discriminatory practices. USS acted willfully in its wrongful use of Form PF–116–B/C. Such conduct must be eliminated from the workplace. Allowing these employees to recover pursuant to the EEOC action will further the public interest by deterring future

violations of the discrimination laws by USS and other employers.

As admitted by the defendant, employees Coventry and Ward applied for 70/80 mutually satisfactory pensions, but such pensions were denied "on the basis of their either filing ADEA charges or advising USS that ADEA charges by them were imminent." Defendant's Objections at 2–3. The denial by USS of the pensions for these reasons violates the ADEA. *See EEOC v. United States Steel,* 671 F.Supp. 351 (W.D.Pa.1987). Therefore, USS shall retroactively reinstate Coventry and Ward to mutually satisfactory 70/80 pensions.

USS also admits that "Gary Thayer applied for and received a 70/80 mutually satisfactory pension effective December 1, 1982, which pension was reclassified to a 30 year sole option effective July 1, 1983 as a result of his opting into the [*Coventry v. United States Steel Corp.,* No. 83–977 (W.D.Pa.)] lawsuit." Defendant's objections at 3. Such reclassification violates the ADEA. *EEOC v. United States Steel,* 671 F.Supp. 351. Therefore, USS shall retroactively reinstate Thayer to a mutually satisfactory 70/80 pension.

As to Robert Mitchell, USS states that Mitchell "requested a 70/80 mutually satisfactory pension [on November 29, 1982] which request was denied because Mr. Mitchell had been placed on layoff on July 15, 1982." Defendant's Objections at 3. However, evidence exists that Mitchell requested a 70/80 mutually satisfactory pension prior to his retirement. *See* Letter from S.W. Menzel, Jr. to R.E. Mitchell (July 21, 1982) (stating that Mitchell requested a 70/80 mutual pension on July 1 and July 19, 1982). Questions of material fact exist as to when Mitchell requested a 70/80 mutual pension and why such pension was denied. Therefore, this case will proceed to trial as to these questions.

An appropriate Order will be issued.

### ORDER

AND NOW, this 21st day of November, 1989, upon consideration of Defendant's Motion to Supplement This Court's October 1st Injunction and to Bar Certain Claims and Defendant's Motion for Reconsideration of USS' Motion to Supplement This Court's October 1 Injunction and to Bar Certain Claims, and, in accordance with this Court's Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED that employees Avera, Bryar, Bush, Coventry, Cunningham, Fasekas, Hallas, Lewis, Mularski, Naylor, Thayer, and Ward shall be retroactively reinstated to the 70/80 mutually satisfactory pension plan, plus pre-judgment interest. Employee DiVirgilio's claim has been settled. The claims in regard to Cole and Nix are denied. A trial will be had on the claim on Mitchell's behalf.