**Chandra PERRY and Equal Employment Opportunity Commission, Plaintiffs,**

v.

**TACO BELL CORP., Defendant,**

**and**

**Chandra Perry and Taco Bell Corp., Third–Party Plaintiffs,**

v.

**Terence Davis, Third–Party Defendant.**

**Case No. 07–2579.**

United States District Court, W.D. Tennessee, Western Division.

Aug. 20, 2009.

---

976

Faye A. Williams, Gwendolyn Young Reams, James Lee, Ronald S. Cooper, Anica Conner, Celia S. Liner, Equal Employment Opportunity Commission, Kathleen L. Caldwell, Law Office of Kathleen L. Caldwell, Memphis, TN, William A. Cash, Jr., Equal Employment Opportunity Commission Little Rock Area Office, Little Rock, AR, for Plaintiffs.

Paul E. Prather, Sylvia R. Adams, Kiesewetter Wise Kaplan & Prather, PLC, Memphis, TN, for Taco Bell Corp.

Glenwood Paris Roane, Sr., Law Offices of Glenwood P. Roane, Sr., Memphis, TN, for Third–Party Plaintiffs.

Terence Davis, Memphis, TN, pro se.

**ORDER DENYING DEFEN-
DANT/THIRD–PARTY PLAIN-
TIFF'S MOTION IN LIMINE TO
PRECLUDE THE EEOC FROM
INTRODUCING EVIDENCE OR
TESTIMONY CONCERNING
CHANDRA PERRY**

BERNICE BOUIE DONALD, District Judge.

Before the Court is Defendant/Third–Party Plaintiff Taco Bell Corp.'s ("Taco Bell") Motion in Limine to Preclude the EEOC from Introducing Evidence or Testimony Concerning Chandra Perry. (D.E. # 95.) Plaintiff Equal Employment Opportunity Commission ("EEOC") has filed a response in opposition (D.E. # 106), and Taco Bell has sought leave to file a reply, which the Court has granted (D.E. # 125). Taco Bell then filed its reply to the EEOC's response. (D.E. # 128.) For the reasons stated herein, the Court **DENIES** Taco Bell's motion.

## I. BACKGROUND

On April 22, 2006 during her first day of work as a crewmember, Chandra Perry, then sixteen years old, was allegedly sexually harassed and assaulted by Terence Davis, a Store Manager at the Taco Bell store on Frayser Boulevard in Memphis, Tennessee. (*Id.* ¶ 24.) Ms. Davis filed a charge of sexual harassment against Taco Bell with the EEOC. On September 11, 2007, the EEOC filed suit on behalf of Ms. Davis and alleged sexual harassment and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Two months later, Ms. Davis exercised her statutory right and intervened.

On July 18, 2008, the EEOC moved the Court for leave to amend its complaint to add the claims of Debreccia Davis. (D.E. # 27.) The Court then granted the EEOC's motion. (D.E. # 43.) On September 15, 2008, 575 F.Supp.2d 884 (W.D.Tenn.2008), the EEOC filed its amended complaint. In its amended complaint, the EEOC alleged that five months after the termination of Ms. Davis, Terence Davis recruited Debreccia Davis, another sixteen year old female, to work as a crewmember. (Am.Compl.¶ 8.) Mr. Davis, as he had with Ms. Perry, subjected Debreccia Davis to unwanted sexual advances, comments, gestures, and contact. (*Id.* ¶¶ 9, 10, 11, 12.) Debreccia Davis complained to the senior male employees, but Taco Bell took no action to stop the harassment. (*Id.* ¶ 13.) Mr. Davis then went to Debreccia Davis's home under the guise of delivering a paycheck, forced his way into the residence, and sexually assaulted her. (*Id.* ¶ 15.)

On February 12, 2009, Ms. Perry entered into a release and settlement agreement with Taco Bell resolving her claims for relief. Taco Bell and Ms. Perry then filed an Amended Stipulation of Dismissal with Prejudice. (D.E. # 117.) Taco Bell has now moved in limine to exclude any evidence or testimony concerning Ms. Perry.

## II. LAW & ANALYSIS

Taco Bell argues that the EEOC should be precluded from offering evidence or testimony concerning Chandra Perry before the jury because Ms. Perry has settled her claim against Taco Bell. Taco Bell also contends that Ms. Perry's case is not relevant to the claims of Debreccia Davis and that evidence concerning Ms. Perry's case would have an unduly prejudicial effect on the jury. In response, the EEOC argues that it may continue to pursue Ms. Perry's case as the EEOC not only represents the interests of the individual plaintiff, but also the interests of the public. The EEOC then argues that evidence of Ms. Perry's case is relevant to Ms. Davis's

because it directly reflects on the sexual harassment policies of Taco Bell.

As the United States Supreme Court noted in *EEOC v. Waffle House,* the powers of the EEOC have evolved significantly since the enactment of Title VII in 1964. 534 U.S. 279, 286–89, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). Initially, the EEOC "merely had the authority to investigate and ... conciliate charges of discrimination." *Id.* at 286, 122 S.Ct. 754. Congress expanded those powers in 1972 when it authorized the EEOC to bring enforcement actions and to seek injunctive relief and affirmative action, such as "reinstatement, with or without backpay." *Id.* Finally, in 1991, Congress again broadened the EEOC's authority when it amended Title VII and allowed the EEOC as a "complaining party" to seek compensatory and punitive damages. *Id.* at 287, 122 S.Ct. 754; *see also* 42 U.S.C. § 1981a(a)(1).

When the EEOC exercises these powers by filing suit on behalf of an individual party, it may also act to "vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief." *Waffle House,* 534 U.S. at 296, 122 S.Ct. 754. If the EEOC chooses to file suit on its own, "the employee has no independent cause of action, although the employee may intervene in the EEOC's suit." *Id.* at 291, 122 S.Ct. 754. In such cases, the EEOC is the "master of its own case," and the statute "confers on the agency the authority to evaluate the strength of the public interest at stake." *Id.*

In *Waffle House,* the Court examined whether the fact that an employee had signed a mandatory arbitration agreement with his employer limited the remedies available to the EEOC. *Id.* at 297, 122 S.Ct. 754. In holding that the EEOC's remedies were not limited by the arbitration agreement, the Court specifically stated that it was an open question whether a

settlement or arbitration judgment would affect the EEOC's claims or the extent to which its remedies were available. *Id.* The courts that have addressed this question, however, have found that a settlement does not affect the validity of the EEOC's claims, though it may require the trial court to examine the settlement agreement and the damages awarded to ensure that an individual party does not recover twice for the same damages. *EEOC v. Int'l Profit Assocs., Inc.,* No. 01–4427, 2008 WL 485130, 2008 U.S. Dist. LEXIS 14984 (N.D.Ill. Feb. 22, 2008); *EEOC v. LA Weight Loss,* 509 F.Supp.2d 527, 536 (D.Md.2007); *EEOC v. Continental Airlines, Inc.,* No. 04–3055, 2006 WL 3505485, *1–2, 2006 U.S. Dist. LEXIS 88565, *3–4 (N.D.Ill. Dec. 4, 2006); *EEOC v. Dayton Tire & Rubber Co.,* 573 F.Supp. 782 (S.D.Ohio 1983); *cf. EEOC v. McLean Trucking Co.,* 525 F.2d 1007 (6th Cir.1975) (holding that neither the acceptance of an arbitration award nor the settlement of a separate action by an employee precludes the EEOC's right to bring an action in the public interest).

In the present case, Taco Bell argues that the EEOC should be precluded from offering any evidence or testimony regarding Ms. Perry because Taco Bell has already reached a settlement with Ms. Perry. The Court finds that the EEOC may continue to pursue its action for damages against Taco Bell based on Ms. Perry's factual allegations.

■ The language of Title VII and its evolution clearly indicate that the EEOC maintains broad discretion in cases that it initiates. Indeed, the Supreme Court has clearly stated that the EEOC is master of its case, and this Court finds that the EEOC should not be held captive by an agreement into which it did not enter. The EEOC initiated this action. Its case is brought not only on behalf of Ms. Perry,

but on behalf of the public interest. Thus, if the EEOC determines that the public interest has not been satisfied by the settlement between Ms. Perry and Taco Bell, then the EEOC may continue its case in an effort to vindicate that interest.

Even if the Court were to have found that Ms. Perry and Taco Bell's settlement precluded the EEOC from pursuing its action based on Ms. Perry's EEOC charge, the Court still finds that the evidence of Ms. Perry's alleged harassment by Mr. Davis is relevant in Ms. Davis's case. Under the Supreme Court's *Faragher–Ellerth* framework, an employer may raise an affirmative defense to liability or damage in cases which do not culminate in a tangible employment action but do involve an employer's vicarious liability for a hostile work environment created by a supervisor. *Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). "The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonable failed to take advantage of any preventative or corrective opportunity provided by the employer or to avoid harm otherwise." *Id.*

■ According to its proposed pre-trial order, Taco Bell will rely heavily on the *Faragher/Ellerth* affirmative defense to Ms. Davis's claims. This defense requires evidence of whether an employer "exercised reasonable care to prevent and correct" the harassing behavior and whether an employee *unreasonably* failed to take advantage of opportunities to correct or prevent continued harassment. The Court finds that evidence showing that Mr. Davis—five months after harassing and raping Ms. Davis—harassed Ms. Perry bears directly on whether Taco Bell exercised reasonable care in correcting its supervisor's behavior. This same evidence

also is directly relevant to the reasonableness of Ms. Davis's actions in whether she took advantage of Taco Bell's policies and procedures concerning sexual harassment in the workplace. Therefore, the Court finds that even if Ms. Perry's settlement with Taco Bell precluded the EEOC from pursuing its claims based on those same factual allegations, the evidence of Ms. Perry's case is directly relevant to Ms. Davis's response to Taco Bell's affirmative defenses. Thus, Taco Bell's motion in limine is **DENIED.**

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Taco Bell's motion in limine to exclude evidence and testimony concerning Chandra Perry.