**LORBER INDUSTRIES OF CALIFORNIA, a corporation, Plaintiff/Appellee,**

v.

**LOS ANGELES PRINTWORKS CORPORATION, a corporation, Defendant,**

**and**

**Mark Fabrics, a corporation, Defendant/Appellant.**

**Nos. 86–5560, 86–5561.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 3, 1986*.

Decided Oct. 27, 1986.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and 9th Cir. R. 3(f).

Thomas M. Norminton, Douglas S. Waggaman, Lavy & Norminton, Los Angeles, Cal., for plaintiff/appellee.

Pamela G. Meyer, Law Offices of Rick Flam, Marvin M. Lager, Memel, Jacobs, Pierno, Gersh & Ellsworth, Los Angeles, Cal., for defendant/appellant.

Before WALLACE and BOOCHEVER, Circuit Judges, and WILLIAMS,** District Judge.

BOOCHEVER, Circuit Judge:

## OVERVIEW

Lorber Industries of California (Lorber), a fabric manufacturer and printer, entered into sales contracts with defendant Timely Trends, a clothing manufacturer. These sales contracts contained mandatory arbitration clauses to resolve disputes arising out of the contracts. After a dispute with Lorber, Timely Trends entered into an agreement with defendant Mark Fabrics, a fabric printer, to copy two of Lorber's fabric designs and sell the fabric to Timely Trends. Lorber brought two copyright infringement suits against a group of defendants all involved in the fabric business. Timely Trends and Mark Fabrics brought motions to compel arbitration, which were denied. Only Mark Fabrics appeals. Because Mark Fabrics was not a party to the contracts between Lorber and Timely Trends, nor an agent or third party beneficiary, it has no standing to compel arbitration. We therefore affirm the district court's denial of the motion to compel arbitration.

### Standard of Review

■ Denial of a motion to compel arbitration is subject to de novo review. *See*

**Honorable Spencer M. Williams, United States District Judge for the Northern District of California, sitting by designation.

*Alascom, Inc. v. ITT North Electric Co.,* 727 F.2d 1419, 1422 (9th Cir.1984).

### Standing to Compel Arbitration

The threshold issue is whether one, not a party to the contracts containing the arbitration clauses, may compel arbitration under the contracts. For purposes of our analysis, we can assume (1) that the sales contracts between Lorber and Timely Trends contain clauses that may be construed as an agreement to arbitrate copyright infringement claims, and (2) that the validity of copyrights and their infringement are arbitrable.

Mark Fabrics is not a party to the sales contracts between Lorber and Timely Trends. Nowhere in the contract documents is Mark Fabrics mentioned. Mark Fabrics never participated in the sales by Lorber to Timely Trends. Indeed, it appears that Mark Fabrics' relationship with Timely Trends arose after a dispute between Timely Trends and Lorber resulting in Timely Trends ceasing to purchase fabric from Lorber and seeking another manufacturer to copy Lorber's designs.

In Mark Fabrics' motion to the district court to stay proceedings pending arbitration and to compel arbitration, it relied on its conclusory assertion that "since it was acting as the agent of Timely Trends, [it] is entitled to the benefit of the arbitration provisions. *See* Restatement of Agency 2d, [sections] 327, 334." Neither section supports Mark Fabrics' assertion that it is an agent of Timely Trends as pertains to the Lorber contract. Mark Fabrics did not participate in any sales by Lorber to Timely Trends either as an agent or otherwise. Mark Fabrics made no other legal argument in the district court, and cited no evidence of any agency relationship between it and Timely Trends.

On appeal, Mark Fabrics argues that public policy favors arbitration and that arbitration provisions are to be broadly construed, with doubts resolved in favor of arbitration. Mark Fabrics argues that traditional contract analysis should be applied to determine if it is entitled to enforce the arbitration provision. Then, for the first time on appeal and in its reply brief, Mark Fabrics argues that it is within the class of intended beneficiaries of the arbitration agreement. We decline to consider arguments not presented to the district court unless circumstances indicate that injustice might otherwise result. *Fitzgerald v. Century Park, Inc.,* 642 F.2d 356, 359 (9th Cir.1981); *Friedman and Jobusch v. Commissioner,* 627 F.2d 175, 177 (9th Cir.1980). Even if the argument were properly before us we would reject it. The agreement between the original two parties in no manner contemplates that Timely Trends will contract with a third party to copy Lorber's fabric designs and sell them to Timely Trends. Mark Fabrics is not an intended beneficiary of the contract.

Arbitration, however favored by the courts and Congress, is a contractual right, and may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration. *Moruzzi v. Dynamics Corp. of America,* 443 F.Supp. 332, 334 (S.D.N.Y. 1977); *see also Nolde Brothers, Inc. v. Local 358, Bakery & Confectionery Workers Union,* 430 U.S. 243, 250, 97 S.Ct. 1067, 1071, 51 L.Ed.2d 300 (1977). Mark Fabrics has demonstrated no basis for asserting the right to compel Lorber to arbitrate its copyright infringement claims against Mark Fabrics. The district court's denial of Mark Fabrics' motion to stay proceedings and compel arbitration is affirmed.

AFFIRMED.