**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**GOODYEAR AEROSPACE CORPORATION, Defendant-Appellee.**

No. 86–1600.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1986.

Decided April 7, 1987.

---

Susan Elizabeth Rees, Washington, D.C., for plaintiff-appellant.

William R. Hayden, Phoenix, Ariz., for defendant-appellee.

Before POOLE, HALL and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

The Equal Employment Opportunity Commission (EEOC) sued Goodyear Aerospace Corporation (Goodyear) under section 706(f)(1) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e–5(f)(1), because Goodyear failed to promote Marshaline Pettigrew. Pettigrew and Goodyear later settled without the EEOC's consent. Based on the settlement, the district court granted Goodyear summary judgment. The EEOC appeals, and we affirm in part and reverse in part.

## FACTS

In 1980, Pettigrew, a black Goodyear employee, filed an EEOC charge against Goodyear for racially discriminatory promotion practices, alleging that Goodyear promoted her and later reduced her duties and salary to the level of her former job. The EEOC subsequently arranged a settlement under which Goodyear promised to consider Pettigrew for promotions without regard to her race and not to retaliate against her.

In 1982, Pettigrew filed a second EEOC charge. She alleged that Goodyear failed to promote her to a Traffic Clerk position because of her race and instead promoted a white employee whom she had trained. She also charged that a supervisor, Bud Ault, told her that Goodyear failed to give her the Traffic Clerk position because she filed the first EEOC charge. In 1984, the EEOC determined that reasonable cause existed to suspect that Goodyear failed to promote Pettigrew because of her race and in retaliation for her first EEOC charge. The EEOC rejected as pretexts Goodyear's proffered reasons for its actions; Ault denied making the statement about retaliation, but the EEOC found Pettigrew's testimony to be more credible.

During conciliation efforts with the EEOC, Goodyear proposed to promote Pettigrew to Buyer, a higher paying position than Traffic Clerk. The EEOC then offered a consent decree which committed Goodyear to the promotion, enjoined it from race discrimination and retaliation against any employee, and required it to post a notice stating its intent to comply with Title VII. Goodyear rejected the offer, and the EEOC sued it in federal district court seeking the relief in the proposed consent decree as well as back pay.

Goodyear promoted Pettigrew to the Buyer position. Afterward, Pettigrew signed a settlement agreement that, in con-

sideration for the promotion and Goodyear's promise not to retaliate, released Goodyear from "any and all actions ...," including any claim for attorneys' fees," and requested that the EEOC dismiss the lawsuit.

Goodyear then moved for summary judgment on the ground that the settlement mooted the EEOC's power to maintain the litigation. The district court granted the motion, finding: the settlement was fair and reasonable; private recovery beyond that obtained in the settlement was unavailable; an injunction against retaliation was unnecessary because Title VII provides that protection; summary judgment furthered Title VII's policy favoring voluntary settlements; liability for discrimination was questionable; further litigation was not in the public interest and would waste the court's time; and summary judgment would permit Pettigrew to pursue her career without the appearance of a forced compliance promotion.

The EEOC timely appeals under 28 U.S.C. § 1291, arguing that the reasons cited by the court fail to support the judgment. Goodyear defends the judgment, arguing that the settlement mooted the EEOC's action. Alternatively, Goodyear argues that, in light of the settlement, the EEOC cannot recover back pay for Pettigrew and that the court properly granted summary judgment denying permanent injunctive relief.

## I. MOOTNESS

An action is moot if the issues are no longer live or the parties lack a legally cognizable interest in the outcome. *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1206, 89 L.Ed.2d 319 (1986). Federal courts lack jurisdiction over moot actions because their constitutional authority is limited to actual cases or controversies. *Id.* We review de novo the determination that an action is moot. *Id.*[1]

■ Goodyear argues that the EEOC's only claim is one on behalf of Pettigrew, and, given the identity of their interests, Pettigrew's satisfaction of her interests by her private settlement has rendered the EEOC's claim moot. We agree that Pettigrew's settlement has rendered her personal claims moot. *See* 13A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3533.2 (2d ed. 1984). However, Goodyear's argument erroneously assumes that the EEOC's section 706 action is merely a representative suit, and not one to vindicate public interests.

Section 706(f)(1) empowers the EEOC to sue a private employer to enforce Title VII and obtain relief for aggrieved employees, based on an employee's charge of discrimination, if the employer fails to submit to "a conciliation agreement acceptable to" the EEOC. 42 U.S.C. § 2000e–5(f)(1). If the EEOC brings an action, the charging employee has a right to intervene. *Id.* If the EEOC and the employer settle without the employee's consent or the EEOC otherwise fails to bring an action within a statutory time period, the employee may then bring a private action. *Id.*

The EEOC's right of action is independent of the employee's private action rights. *General Tel. Co. v. EEOC*, 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980). The EEOC "is not merely a proxy for the victims of discrimination," but "acts also to vindicate the public interest in preventing employment discrimination." *Id.* Its interests in determining the legality of specific conduct and in deterring future violations are distinct from the employee's interest in a personal remedy. *See EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1361 (6th Cir.), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975). Recognizing that the EEOC sues to vindicate the public interest, two circuits have held that res judicata principles do not bar the EEOC from bringing an action against an employer even

---

**1.** The district court did not specifically find that the action was moot, but Goodyear argued below that it was, and the court found that private recovery was unavailable. Further, as mootness is jurisdictional, we would address the issue even if it were raised for the first time on appeal. *Canez v. Guerrero*, 707 F.2d 443, 446 (9th Cir.1983).

after its employees have settled their private claims. *New Orleans S.S. Ass'n v. EEOC*, 680 F.2d, 23, 25 (5th Cir.1982); *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1010 (6th Cir.1975). For similar reasons, government actions to enforce ERISA have been held not to be barred under res judicata principles by private ERISA litigation. *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 694 (7th Cir. 1986) (en banc); *Donovan v. Cunningham*, 716 F.2d 1455, 1462 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S.Ct. 3533, 82 L.Ed.2d 839 (1984).

The EEOC seeks to enjoin Goodyear from future discrimination or retaliation against any of Goodyear's similarly-situated employees. Section 706(g) authorizes the EEOC to seek class action-type relief without complying with Fed.R.Civ.P. 23, even when it only alleges individual acts of discrimination. *General Tel. Co.*, 446 U.S. at 333–34, 100 S.Ct. at 1707–08. By seeking injunctive relief "the EEOC promotes *public* policy and seeks to vindicate rights belonging to the United States as sovereign." *EEOC v. Occidental Life Ins. Co.*, 535 F.2d 533, 537 (9th Cir.1976), *aff'd*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Injunctive relief would deter Goodyear from future unlawful discrimination and would protect the aggrieved employee and others similarly situated from the fear of retaliation for filing a Title VII charge. Pettigrew's settlement does not moot the EEOC's right of action seeking injunctive relief to protect employees as a class and to deter the employer from discrimination. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 682 (5th Cir.1985) (plaintiff's settlement of private Title VII action does not moot the EEOC's right of intervention because the EEOC "exists to represent the public interest in equal employment opportunity"), *cert. denied*, —— U.S. ——, 106

S.Ct. 1186, 89 L.Ed.2d 302 (1986); *cf. Donovan*, 716 F.2d at 1461 (settlement of private ERISA suit does not moot government's injunction claim arising from same events).

■■■ The EEOC's back pay claim for Pettigrew, however, is on a different footing. The Fifth and Sixth Circuits have suggested that a prior private settlement may limit the scope of relief that the EEOC may seek on behalf of the settling employee. *New Orleans S.S. Ass'n*, 680 F.2d at 25 (stating that "the EEOC may challenge a transaction which was the subject of prior judicial scrutiny in a private suit, if the subsequent challenge seeks different relief"); *Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 525 (5th Cir.1980); *McLean Trucking Co.*, 525 F.2d at 1011 (back pay claim barred); *Kimberly-Clark Corp.*, 511 F.2d at 1361. *But see EEOC v. Dayton Tire & Rubber Co.*, 573 F.Supp. 782, 784–87 (S.D.Ohio 1983). The EEOC argues that these cases are based on the "faulty premise" that back pay is a mere private benefit. It notes that a Title VII back pay award advances the public interest in deterring the employer from illegal discrimination and retaliation. *See Occidental Life Ins. Co.*, 535 F.2d at 537–38. While the EEOC's argument has some appeal, we note that any recovery of back pay by the EEOC would go directly to Pettigrew who has freely contracted away her right to back pay. Under these circumstances, the public interest in a back pay award is minimal. Therefore, the EEOC's claim for back pay on Pettigrew's behalf is moot.[2]

## II. DENIAL OF PERMANENT INJUNCTION

As an alternative ground to support the judgment, Goodyear argues that the district court properly exercised its discretion

---

2. The EEOC also argues that the settlement does not bar Pettigrew from obtaining back pay—and so does not bar the EEOC from obtaining back pay on her behalf—because the settlement lacks consideration. The EEOC was not a party to the settlement and lacks standing to challenge Goodyear's rights under it. *Cf. Lorber Indus. v. Los Angeles Printworks Corp.*, 803 F.2d 523, 525 (9th Cir.1986) (corporation that is neither a par-

ty to nor agent nor beneficiary of contract lacks standing to compel contractual arbitration); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 841 n. 1 (9th Cir.1976) (in assessing standing to assert rights of others "we consider ... whether the person who brings the suit is a person harmed by the alleged wrong" (citing C. Wright, *Law of Federal Courts* § 13, at 36 (1963)).

in denying the EEOC a permanent injunction under section 706(g).[3] We review a summary judgment granting or denying a permanent injunction for abuse of discretion and application of the correct legal principles. *DeNardo v. Murphy,* 781 F.2d 1345, 1347 (9th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 1962, 90 L.Ed.2d 648 (1986). The district court gave several reasons for its judgment. The EEOC argues that none of these reasons justifies denying injunctive relief. We agree.

■ First, the district court found Goodyear's liability to be "questionable." Neither party presented evidence on the issue of liability. Indeed, Goodyear assumed its liability for the purpose of the motion for summary judgment. As there are questions of fact regarding Goodyear's liability, the district court erred in prejudging the liability issue.

■ Second, the district court found that dismissal of the EEOC's action would promote Title VII's policy favoring voluntary settlement. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974). We are not persuaded by this argument. An aggrieved employee who has filed a charge cannot withdraw it without the EEOC's consent. 29 C.F.R. § 1601.10. If the employee's private settlement barred the EEOC from litigating its enforcement action, the employer might be emboldened not to conciliate with the EEOC in the hope of arranging a favorable side settlement with its employee. *See EEOC v. Huttig Sash & Door Co.,* 511 F.2d 453, 455 (5th Cir.1975). Goodyear may have refused to accept the EEOC's proposed consent decree precisely to obtain a more beneficial agreement from Pettigrew.

■ Third, the district court found that an injunction against retaliation was superfluous because Title VII already prohibits that conduct. We disagree. An injunction would (1) instruct Goodyear that it must comply with federal law, (2) subject it to the contempt power of the federal courts if it commits future violations, and (3) reduce the chilling effect of its alleged retaliation on its employees' exercise of their Title VII rights. Section 706(g) specifically gives courts the power to enjoin an "unlawful employment practice." The courts have approved of injunctions prohibiting practices that violated Title VII. *Norris v. Arizona Governing Comm. for Tax Deferred Annuity,* 671 F.2d 330 (9th Cir.1982) (injunction against use of sex-segregated annuity tables), *aff'd in part and rev'd in part on other grounds,* 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983); B. Schlei & P. Grossman, *Employment Discrimination Law* 1395–96 & n. 3 (2d ed. 1983).

■ Finally, the district court found an injunction was not in the public interest because the settlement was fair and Pettigrew wanted the litigation to end. The court, however, failed to make any finding regarding the likelihood that Goodyear would repeat its discriminatory practices. Generally, a person subjected to employment discrimination is entitled to an injunction against future discrimination, *Nanty v. Barrows Co.,* 660 F.2d 1327, 1333 & n. 6 (9th Cir.1981), unless the employer proves it is unlikely to repeat the practice, *see James v. Stockham Valves & Fittings Co.,* 559 F.2d 310, 354–56 (5th Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978); B. Schlei & P. Grossman, *Employment Discrimination Law* 1415–16 & n. 61 (2d ed. 1983). Goodyear contends that it has proven it is unlikely to repeat its actions because it has ceased discriminating against Pettigrew by promoting her. We disagree. An employer that takes curative actions only after it has been sued fails to provide sufficient assurances that it will not repeat the violation to justify denying an injunction. *James,* 559 F.2d at 354–55. Even if Goodyear ceased

---

3. Section 706(g) of Title VII, 42 U.S.C. § 2000e–5(g), provides in relevant part:

    If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order ... any other equitable relief as the court deems appropriate.

discriminating by promoting Pettigrew, its eleventh hour change of heart fails to prove it is unlikely to retaliate again. We hold that the district court abused its discretion by denying injunctive relief for the reasons it cited without finding that Goodyear was unlikely to repeat its actions.

## CONCLUSION

Upon remand, the district court shall permit the EEOC to attempt to prove Goodyear's liability for discrimination and retaliation. If the EEOC proves its case, and Goodyear fails to prove the violation will likely not recur, the EEOC will be entitled to an injunction.

We AFFIRM the judgment for Goodyear in regard to back pay. In all other respects, we REVERSE the judgment, and REMAND the action to the district court for further proceedings consistent with this opinion.