846 F.2d 70
 62 Fair Empl.Prac.Cas. 1056,
62 Fair Empl.Prac.Cas. 464,
47 Empl. Prac. Dec. P 38,103
Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
FLC & BROTHERS REBEL, INC., Defendant-Appellant.
 No. 87-2643.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1988.
Decided April 12, 1988.
 
 Glenn M. Hodge, Jr. (Douglas L. Guynn, Roy W. Ferguson, Jr., Wharton, Aldhizer & Weaver on brief) for appellant.
 Michael Foreman (Charles A. Shanor, General Counsel, Gwendolyn Young Reams, Associate General Counsel, Susan Buckingham Reilly, Associate General Counsel, Equal Employment Opportunity Commission on brief) for appellee.
 Before WIDENER, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Christina M. Besares was employed by FLC & Brothers Rebel, Inc. (FLC), a Virginia corporation engaged in the operation of a restaurant and night club at Winchester, Virginia. Besares worked as a bartender. According to her testimony in this action instituted by the Equal Employment Opportunity Commission (EEOC) pursuant to 42 U.S.C. Sec. 2000e, Besares' immediate supervisor approached her and suggested illicit behavior of a sexual nature. Besares in response used foul language to the immediate supervisor, calling him extremely uncomplimentary and scatological names, further telling him "to go to hell." When she was called into the office of an owner of FLC, she complained about sexual harassment on the part of Michael Palmer (Palmer), her immediate supervisor, and apologized for using foul language.
 
 
 2
 On December 16, 1983, Charles Caldwell (Caldwell), president and one of the principal owners of FLC, discharged Besares for using "unlady-like" language. Thereafter another female employee confirmed that Palmer continually sexually harassed her and other female employees. Palmer failed to respond when confronted with allegations to that effect. Caldwell thereupon discharged Palmer for sexual harassment.
 
 
 3
 It appeared that a male employee had used foul language before Palmer and had, indeed, physically assaulted Palmer. There was evidence that the news of the employee's behavior was widespread among FLC employees and that Palmer reported the incident to Caldwell. Caldwell did not discharge the offending male employee.
 
 
 4
 In the bench trial conducted by Judge James H. Michael, Jr. of the United States District Court for the Western District of Virginia, he found for the EEOC, awarding Besares $21,612.00 in back pay and interest. He also made an award of $250.00 for medical expenses incurred by Besares' daughter while Besares was unemployed after termination by FLC. If she had remained employed by FLC the medical expenses involved would have been covered under a health plan benefiting employees such as Besares had been. Injunctive relief was also awarded, and FLC has appealed.
 
 
 5
 The district court's finding that FLC was guilty of intentional sexual discrimination was not "clearly erroneous." Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985). Especially in view of the fact that credibility of the parties was in issue, it cannot be said that the district court was clearly erroneous. Evidence was sufficient to justify the district judge in finding that at FLC a woman employee, Besares, had been discharged, while a male employee engaged in no less egregious behavior had not been terminated. That established discriminatory treatment towards Besares and made immune from attack on appeal the award against FLC.
 
 
 6
 One complication arose from the fact that, after Besares' termination, a job opportunity arose as a bartender at the Wayside Inn in Middletown, Virginia. Middletown is even closer to Besares' home in Front Royal, Virginia, than is the Winchester location of FLC. The district judge declined to order mitigation with respect to that job opportunity because Besares demonstrated that, following termination by FLC, she lost possession of her car due to her inability to make payments. Such loss of the car made it impractical for her to take the job in Middletown because of lack of transportation. While 42 U.S.C. Sec. 2000e-5(g) requires that an employee mitigate any loss by use of reasonable diligence, the lack of transportation served in this case as a justifiable excuse for Besares' failure to mitigate. See Florence Printing Co. v. NLRB, 376 F.2d 216, 221 (4th Cir.1967) (the location of the new job is a factor which may be reasonably taken into account), cert. denied, 389 U.S. 840 (1967). The employer bears the burden of proving that the employee failed to mitigate, Edwards v. School Bd. of Norton, Va., 658 F.2d 951, 956 (4th Cir.1981), and FLC has failed to do so here.
 
 
 7
 As for the ordered reimbursement of $250.00 for medical expenses incurred by Besares' daughter after the termination, we might be faced with a tangled and difficult question were it not for the fact that, due to the smallness of the matter concerned, the lawyer for FLC admitted to us in open court that he was not pressing the point. De minimis non curat lex.
 
 
 8
 The objection of FLC to the issuance and continuation of an injunction requiring that it forego any discrimination is unmerited. See United States v. County of Fairfax, Va., 629 F.2d 932, 941 (4th Cir.1980), cert. denied, 449 U.S. 1078 (1980); EEOC v. Goodyear Aerospace Corp., 813 F.2d 1539, 1544 (9th Cir.1987). While the district judge certainly did not abuse his discretion in entering the injunction and should, therefore, be affirmed, it always remains open for the district judge to reconsider the injunction in the light of any change in circumstances. Besares has been awarded compensatory relief for her discharge. She has been offered reinstatement by FLC but has chosen not to return. There is no evidence of further acts of sexual discrimination by FLC and abrogation of the injunction remains a possibility which, on sufficient appropriate facts, might lead the district judge to reconsider.
 
 
 9
 Finally, FLC argues that it constituted an abuse of discretion for the district court to refuse to allow it to introduce extrinsic evidence to challenge the credibility of the male employee who used rude language to a supervisor but was not terminated. The matter is covered by Fed.R.Evid. 608(b). The rule makes extrinsic evidence of specific instances of the conduct of a witness other than conviction of crime inadmissible. The court in its discretion may permit questions as to the character of the witness for truthfulness and untruthfulness. The district judge by no means abused his discretion in denying introduction of extrinsic evidence on a matter which was evidently collateral. The testimony of the witness was presented to the court by de bene esse deposition. During the taking of that deposition, counsel for FLC did not resort to the opportunity clearly available to him to cross-examine the witness about the matter he later attempted to introduce in court. The testimony which was proffered but not permitted was beyond the scope of Fed.R.Evid. 608(b). The district court, consequently, did not abuse its discretion or err in refusing to admit the evidence.
 
 
 10
 AFFIRMED.