50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rash B. GHOSH, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF HEALTH SERVICES; California State
Personnel Board; Howard Hatayama, et al.,
Defendants-Appellees.
 No. 94-15098.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 IN PART, VACATED AND REMANDED IN PART.
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rash B. Ghosh appeals the district court's dismissal for failure to state a claim of his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e against the California Department of Health Services ("CDHS"), California State Personnel Board, Riccardo Notini, Susan Solarz, Howard Hatayama and Mike James ("defendants"). Ghosh alleged that defendants intentionally discriminated against him on the basis of race and national origin by demoting him, harassing him, and denying him employment opportunities. Ghosh also challenges the district court's imposition of sanctions pursuant to Fed.R.Civ.P. 37(d) for Ghosh's failure to appear at his deposition. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part, and vacate and remand in part.
 
 
 3
 * Background
 
 
 4
 In his complaint, Ghosh alleged that defendants intentionally discriminated against him on the basis of national origin and religion. The district court dismissed Ghosh's complaint with leave to amend after it determined that Ghosh's allegations of discrimination prior to February 24, 1988 were barred by a settlement agreement into which the parties entered.[1]
 
 
 5
 In his third amended complaint, Ghosh alleged that he "was illegally harassed, berated, and treated poorly on the job without basis for such treatment; was denied opportunities to be appointed to [a] position ... [which] had been promised and was qualified for; and was demoted." Ghosh sought damages representing back pay resulting from his demotion. Ghosh also sought injunctive relief in the form of a court order requiring CDHS to promote him.
 
 
 6
 The defendants subsequently filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The district court granted defendants' motion finding that the EEOC charge which formed the basis of Ghosh's action was based upon his demotion and that such an action was barred by the settlement agreement. The court also found that Ghosh's remaining allegations were either conclusory or related to another EEOC charge not properly before the court.
 
 II
 Mootness
 
 7
 Ghosh contends that the district court erred by dismissing his action for failure to state a claim because his EEOC charge covers incidents of discrimination not rendered moot by the settlement agreement. This contention lacks merit.
 
 
 8
 We review de novo the district court's determination of an action as moot. See E.E.O.C. v. Goodyear Aerospace Corp., 813 F.2d 1539, 1542 (9th Cir.1987). "Federal courts lack jurisdiction over moot actions because their constitutional authority is limited to cases or controversies." Id. "An action is moot if the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Id. "If a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract and the party is precluded from raising the underlying claims." Arnold v. United States, 816 F.2d 1306, 1309 (9th Cir.1987); see also Goodyear Aerospace Corp., 813 F.2d at 1542 (stating that plaintiff's settlement renders personal claims moot).
 
 
 9
 Here, Ghosh does not challenge the validity of the settlement agreement. Ghosh concedes that allegations of discrimination prior to February 24, 1988 are rendered moot by the settlement agreement. Nevertheless, Ghosh argues that his EEOC charge and third amended complaint alleged incidents of discrimination which occurred after the effective date of the settlement agreement. We disagree.
 
 
 10
 There is nothing in Ghosh's EEOC charge that indicates discrimination occurred after February 24, 1988. Rather, Ghosh indicated in his EEOC charge, which he signed under the penalty of perjury, that the most recent incident of discrimination occurred on December 20, 1987. Furthermore, Ghosh's EEOC charge and the allegations contained in his third amended complaint appear to be based upon his demotion which was the subject matter of the settlement agreement. Finally, there is nothing in Ghosh's third amended complaint that indicates discrimination occurred after February 24, 1988. Accordingly, the district court did not err by dismissing Ghosh's action.[2] We vacate the district court's judgment and remand with instructions to dismiss for lack of subject matter jurisdiction. See Capitol Industries-EMI, Inc., v. Bennet, 681 F.2d 1107, 1118 (9th Cir.1982), cert denied, 459 U.S. 1087 (1982).
 
 III
 Sanctions
 
 11
 Ghosh contends that the district court erred by imposing a sanction of $1,000.00 upon him for failure to appear at his deposition. This contention lacks merit.
 
 
 12
 We review for abuse of discretion the district court's imposition of sanctions for failure to attend a scheduled deposition. Fjelstad v. American Motor Corp., 762 F.2d 1334, 1337 (9th Cir.1985). Under Fed.R.Civ.P. 37(d), "[i]f a party ... fails to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just." Rule 37(d) also provides that "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."
 
 
 13
 The parties do not dispute that defendants noticed Ghosh's deposition for September 27, 1993. Ghosh failed to appear at the scheduled deposition because his attorney failed to calendar it. On appeal, Ghosh claims that his failure to appear at his deposition was substantially justified because defendants served him with a defective notice. Ghosh claims that Fed.R.Civ.P. 30(b)(5) and Fed.R.Civ.P. 6(e) require that defendants notice Ghosh's deposition 33 days before the scheduled date of the deposition. Ghosh further argues that because defendants served him with notice of the deposition and a request for documents 32 days before the scheduled date of the deposition, the notice was defective. We disagree.
 
 
 14
 Under Fed.R.Civ.P. 30(b)(1), a party need only give reasonable notice in writing of his intent to take the oral deposition of any person. See Fed.R.Civ.P. 30(b)(1) (stating that "a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action").
 
 
 15
 Under Fed.R.Civ.P. 30(b)(5), a notice to a party deponent may be accompanied by a request for the production of documents and tangible things at the taking of the deposition. If a party serves a request for the production of documents at the taking of the deposition, Fed.R.Civ.P. 30(b)(5) requires that the request be made according to Fed.R.Civ.P. 34(b) (requiring 30 days to respond to such a request). We reject Ghosh's argument that defendants should have noticed Ghosh's deposition in accordance with Fed.R.Civ.P. 34(b). The plain language of Fed.R.Civ.P. 30(b)(5) requires only that the document request be made in accordance with Fed.R.Civ.P. 34(b), not the noticing of the deposition.
 
 
 16
 Under these circumstances, we cannot say that the district court abused its discretion by imposing sanctions upon Ghosh for failure to appear at his deposition. See Fed.R.Civ.P. 37(d); Lew v. Kona Hosp., 754 F.2d 1420, 1426 (9th Cir.1985) (stating that negligent failure to appear at a deposition justifies imposition of expenses and fees).
 
 
 17
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ghosh's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court determined that the effective date of the settlement agreement was February 24, 1988. Ghosh concedes this issue on appeal
 
 
 [2]
 The district court did not abuse its discretion by striking Ghosh's opposition to defendants' motion to dismiss because Ghosh failed to file it in a timely manner. See Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1519 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984)