**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Plaintiff–Appellee,**

v.

**AMERICAN HOME FURNISHINGS, INC., Defendant–Appellant.**

No. 05–15743.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2007 *.

Filed Feb. 16, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mary Joleen O'Neill, Esq., Equal Employment Opportunity Commission, Phoenix, AZ, Anne Noel Occhialino, Equal Employment Opportunity Commission, Appellate Section, Washington, DC, for Plaintiff–Appellee.

Michael Danoff, Esq., Michael Danoff & Associates, Albuquerque, NM, for Defendant–Appellant.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellee Equal Employment Opportunity Commission (EEOC) brought suit against Defendant–Appellant American Home Furnishings, Inc. (AHF), alleging that AHF violated Title VII by refusing to promote one of its employees, LaWanda Glenn, because of her race. At trial, a jury found in favor of the EEOC and awarded $5,000 in back pay, $30,000 in compensatory damages, and $85,000 in punitive damages. Thereafter, the district court granted virtually all of the EEOC's requested injunctive relief.

■ On appeal, AHF raises several arguments, none of which has merit. First, AHF contends that the district court erred in denying its motion to exclude all testimony as to compensatory and punitive damages because the EEOC failed to provide adequate information with respect to the damages it sought during discovery. We review the district court's decision to deny AHF's motion in limine for abuse of discretion, *Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004), and find no such abuse. AHF fails to provide legal or factual support for its contention that the EEOC's disclosures during discovery were inadequate, much less has it demonstrated that the district court abused its discretion by declining to punish the EEOC for its allegedly inadequate disclosures by excluding testimony as to compensatory and punitive damages. Indeed, the EEOC answered all of AHF's interrogatories with respect to damages, provided AHF with the precise measure of damages it sought, and informed AHF that Ms. Glenn had information with respect to damages. AHF was then afforded the opportunity to depose Ms. Glenn, and she answered all of AHF's questions to the best of her ability.

Moreover, as the district court noted, AHF had more than two years during which it could have raised any objection to the EEOC's discovery responses or to the adequacy of Ms. Glenn's deposition testimony, but instead waited until the eve of trial to do so. In light of these facts, it is clear that the district court did not abuse its discretion in denying AHF's motion in limine.

■ AHF's second contention on appeal is that the jury's verdict is inconsistent and should be rejected on that basis. This argument is without merit. The jury found that Glenn's race was a motivating factor in AHF's decision not to promote her and that AHF would not have made the same decision if Glenn's race played no role in its decision-making process. Based on these findings, the jury found for the EEOC. Nothing is inconsistent about this verdict.

■ AHF also appears to argue that the jury's verdict is unsupported by the evidence presented at trial. This claim likewise fails, both because AHF failed to preserve it by filing a post-trial motion before the district court challenging the verdict on that basis, *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.,* 546 U.S. 394, 126 S.Ct. 980, 985–87, 163 L.Ed.2d 974 (2006), and because the testimony offered at trial provides more than adequate evidentiary support for the jury's findings.

AHF next argues that the jury's award of punitive damages was inappropriate for various reasons, and that there was no basis in the record for the jury's award of back pay and compensatory damages. AHF failed to preserve any claim that the evidence did not support the award of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

damages, whether punitive, compensatory or for back pay.

AHF's final contention on appeal is that the district court erred in granting the EEOC's motion for equitable relief. Victims of employment discrimination generally are entitled to an injunction against future discrimination, unless the employer proves it is unlikely to engage in similar unlawful conduct in the future. *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1544 (9th Cir.1987). Here, the district court found that AHF failed to demonstrate that there is " 'no reasonable probability of further noncompliance with the law' nor is there any proof that [AHF] will not discriminate against other employees by way of retaliation for opposing unlawful practices ..." The record also supports a finding that AHF has not taken adequate steps to address the problem of discrimination, which the jury found to have come from the top of the company. In light of the facts and the district court's findings, the district court did not abuse its discretion in granting the EEOC's motion for equitable relief.

The judgment of the district court is **AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.